## C. E. BROWN v. THE STATE.

### No. 2341. Decided January 29, 1902.

**1.—Deputy Sheriff—De Facto Officer.**

A party who has been appointed deputy sheriff, but who absolutely refused to take oath of office and file the same in the office of the county clerk, in connection with his appointment; who has never exercised the duties of the office nor had the reputation in the community of being a deputy sheriff, is not a de facto officer. Such action is tantamount to a refusal to accept the appointment.

**2.—Aggravated Assault—Unlawful Arrest—Simple Assault.**

On a trial for aggravated assault upon an officer while making an arrest, where the evidence showed that the assaulted party was neither a de jure nor a de facto officer, and the jury found defendant guilty of simple assault, this was equivalent to finding, that the alleged assaulted party was not an officer in the discharge of his duties; and if defendant resisted an illegal arrest attempted by such pretended officer, he could not be convicted of simple assault, because he had the right to resist such unlawful arrest.

Appeal from the County Court of Collin.   Tried below before Hon. J. H. Faulkner, County Judge.

Appeal from a conviction of simple assault; penalty, a fine of $5.

This is a second appeal in this case.   See Brown v. State, 42 Texas Criminal Reports, 417.

*Garnett, Smith & Merritt* and *F. E. Wilcox,* for appellant.—Robertson testified as follows: "That he had not taken the oath of office nor had his appointment filed in the office of the county clerk of Collin County; that he refused to take the oath of office because he was not in position to do regular work, that is, such work as he heard of; that he told Mr. Pafford at the time that he would not do regular work, but that any matter around town that needed special attention he would attend to it; that he didn't remember who cut the oath of office off of the appointment; that he might have done it; that he was in the merchandising business at Weston and that his business needed his attention, and for that reason he would not agree to do regular work."

We submit that Robertson was not an officer, and for that reason defendant had the right to use all reasonable force to release himself from Robertson's control, and he would not be guilty of any offense in so doing.

Robertson would not qualify as required by article 4896, in order that he might avoid the duties of the office.   In other words, he would perform the duties of the office whenever it suited his convenience.   We submit that as Robertson did not accept the appointment unconditionally any acts on his part would be that of a mere volunteer, and not that of an officer de jure or de facto.   In other words he could not be held responsible for a failure to perform the duties of a deputy sheriff, because he had assumed no duties toward the public except at such times as it suited his convenience or inclination to act.   We submit that Robertson was a mere volunteer.   We think that public policy alone would dictate that when one accepts an appointment he should accept same without qualifications or conditions.   This testimony in reference to Robertson refusing to qualify was not introduced in evidence on the former trial of this case.

This testimony of Robertson that he had intentionally refused to qualify as required by law was not in evidence on the former trial. We think that it clearly appears from his testimony that he was a mere volunteer.   The public could not compel him to discharge any of the duties of the office.   If he acted in any case in an official capacity, it would not be because of any obligation he had assumed, but would be a voluntary act on his part.   We submit that Robertson did not accept the appointment and therefore is not an officer, and acting under an appointment which he did not accept, whenever it suits him to do so, does not make him an officer.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of a simple assault, and his punishment assessed at a fine of $5; hence this appeal.

This is the second appeal. See Brown v. State, 42 Texas Crim. Rep., 417. The facts before us on the present appeal are substantially the same as those on the former appeal, except with reference to the qualifications of Robertson as deputy sheriff. In the former appeal the proof showed a mere omission to file the oath and bond. In the present appeal it is shown he refused to take the oath in order to qualify, as shown by bill of exceptions.

Appellant complains of the following portion of the charge of the court: "When an injury is caused by violence to a person, intent to injure is presumed, and it rests with the person inflicting the injury to show the accident or innocent intention." While we do not believe this charge should have been given, yet, in view of the eighth paragraph of the court's charge, we do not believe the same constitutes reversible error.

Appellant complains of the action of the court in instructing the jury that Robertson, the alleged deputy sheriff, was a de facto officer, and that, instead of said charge, the court should have given the requested special instructions as follows: "You are further instructed that if Alex Robertson designedly failed and refused to take the official oath and have his appointment recorded as required by law, then he is not an officer de facto nor de jure, and you will acquit the defendant." In the same connection, we will also notice appellant's third bill of exceptions, which presents the evidence insisted upon by the State as constituting Robertson a de facto deputy sheriff. The written appointment of Robertson by the sheriff of Collin County, dated February 1, 1899, was offered in evidence; but it was shown this was not recorded, nor was the oath of office appended to the same, but it was cut off the paper. Robertson testified he had not taken the oath of office, nor had his appointment filed in the office of the county clerk of Collin County; that he refused to take the oath of office because he was not in position to do regular work (that is, such work as he heard of); that he told the sheriff at the time he would not do regular work, but that any matter around town that needed special attention he would attend to it; that he did not remember who had cut the oath of office off the appointment; that he might have done it. On this proof, appellant moved to exclude the evidence of Robertson's appointment as a deputy sheriff, claiming it was no appointment, but his assuming to act under it merely constituted him a volunteer. It appears from the record that this alleged appointment was made by the sheriff on the 1st of February, 1899; that the arrest of appellant was made August 6, 1899; that in the interim Robertson had previously made one arrest. The question is, was Robertson a de facto officer, and as such authorized to arrest appellant, or was he a mere volunteer? On the former appeal, on the proof as presented, we held he was a de facto officer. But then the proof presented did not show, as here, that appellant absolutely refused to take the oath of office and file the same in the office of the county clerk in connection with his appointment. There was no

proof offered then or now that he exercised the duties of his office, and that he had the reputation in the community of being a deputy sheriff. On the record as here presented it occurs to us there was a refusal to accept the appointment. There was certainly a refusal to qualify as deputy sheriff. In this connection our attention has been called to articles 662, 663, and 664 of the Penal Code, and to subdivisions 3 and 4 under the last named article. These provisions of the code indicate the circumstances under which an officer is justifiable, in case of homicide, in taking the life of the party resisting arrest; but, of course, they have some application to the question here presented. See art. 593, subdiv. 5, Penal Code. Subdivisions 3 and 4, referred to, are as follows: "(3) The person executing the order must be some officer duly authorized by law to execute the order, or some person specially appointed in accordance with law for the performance of that duty. (4) If the person executing the order be an officer, and performing a duty which no other person can by law perform, he must have taken the oath of office and given bond, where such is required by law." In case of homicide it would appear that a de facto officer, that is, one assuming the functions of the office without giving bond, taking oath, and having the same filed according to law, could not justify in case he killed one who was resisting arrest. However, we understand our decisions to go beyond the literal scope of these statutes, and that a de facto officer has the same right in making an arrest as a de jure officer. The definition of a de facto officer is given in the books in general terms. Among other definitions, it is held that one is a de facto officer who acts under color of a known and valid appointment or election, but where the officer had failed to conform to some precedent, requirement, or condition, as taking oath, giving bond, or the like. 8 Am. and Eng. Enc. of Law, 2 ed., 782. In this case there was not a mere neglect or failure to take the oath, but there was absolute refusal to take such oath. Indeed it was cut off from the paper constituting the alleged appointment. It occurs to us there was a refusal here to accept the appointment. Beyond this, there was not that reputation originating in the discharge of the office and the acquiesence in the community such as would constitute appellant, without a regular appointment, a de facto officer. Under the facts of this case, as presented, we are inclined to the opinion that appellant was not a de facto deputy sheriff.

Appellant very urgently insists the court erred in charging the jury that if appellant was not guilty of an aggravated assault, then to determine whether or not, from the evidence, he was guilty of a simple assault; and in this connection also insists that the verdict of the jury finding appellant guilty of a simple assault is not authorized by the facts, but is tantamount to an acquittal. We are aware that, as a general proposition, one charged with an aggravated assault can not complain because of his conviction of a simple assault. Foster v. State, 25 Texas Crim. App., 543. In Jay v. State, 41 Texas Criminal Reports, 541, this principle was extended to a charge of aggravated assault, alleged to have been

committed upon an officer in the lawful discharge of the duties of his office. However, the decision does not indicate that the point here insisted on arose from the facts in that case, or that the question here presented was decided. Appellant here maintains that if Robertson, the alleged deputy sheriff, was a deputy sheriff, either de jure or de facto, then he had a right to arrest and detain appellant, and any resistance showing personal violence or intent, coupled with the ability to commit such violence, would constitute an assault; and that assault would be, by the terms of the statute, an aggravated assault. If, on the contrary, Robertson was not such de jure or de facto officer, he had no right to arrest or, having arrested, to detain appellant; and appellant would have the right to resist such unlawful arrest or detention; and any violence used by him or threatened violence used for the purpose of effecting his release, and not excessive, would not constitute an assault of any character; that when the jury found appellant guilty of a simple assault, this acquitted him of an aggravated assault; they in effect determined that Robertson was not such officer, and if he was not such officer, of course appellant had a right to do all the evidence showed he did. It occurs to us that the proposition advanced is a sound one, to wit, if Robertson was an officer, only in that event did he have the right to arrest and detain appellant; and if, in the exercise of such rightful authority, he was assaulted by appellant, the assault would be an aggravated assault. If, on the other hand, Robertson was not such officer, then appellant had a right to resist such arrest, and if he committed an assault in the necessary resistance to such illegal arrest, he could not be guilty of a simple assault. Massey v. State, 27 Texas Crim. App., 617; Miers v. State, 34 Texas Crim. Rep., 161. The fact that the jury convicted him of a simple assault was equivalent to finding that Robertson was not an officer engaged in the lawful performance of his duties. If this be correct, appellant could not be guilty of a simple assault, because he had a right to resist an unlawful arrest.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*