CATARINO CASTORENO v. THE STATE.

No. 4856. Decided January 30, 1918.

1.—Murder—Motion for New Trial—Notice of Appeal—Jurisdiction.

Notice of appeal during term time is essential to give this court jurisdiction, and this rule is not modified by the amendment of the Act of 1915.

**2.—Same—Statement of Facts.**

Under article 845, C. C. P., the appellant is granted thirty days after the term of court lasting less than eight weeks in which to file a statement of facts, which is construed to allow ninety days within which it may be filed, but this is not cause for reversal where the jurisdiction does not attach to this court because of failure to give notice of appeal.

**3.—Same—Alibi—Charge of Court.**

Even if the record could be considered appellant's complaint as to the issue of alibi is untenable, as this matter was submitted to the jury and decided against him.

Appeal from the District Court of Bexar. Tried below before the Hon. J. T. Sluder.

Appeal from a conviction of murder; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*A. B. Cowen,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of notice of appeal: Anderson v. State, 131 S. W. Rep., 1067; Kinch v. State, 67 Texas Crim. Rep., 573, 150 S. W. Rep., 610; Lenox v. State, 55 Texas Crim. Rep., 259; Teague v. State, 53 id., 503; Young v. State, 60 id., 290.

MORROW, JUDGE.—Appellant was convicted of murder and his punishment fixed at confinement in the State penitentiary for a term of twenty-five years.

The incidents of the homicide are set out in the case of Ysabel Castoreno v. State, decided January 23, 1918, it being a companion case, the State's theory being that appellant was one of the parties connected with the homicide there described.

The term of court at which appellant was convicted began the 6th day of August, 1917, and adjourned the 1st day of September, 1917, being a special term called to begin and end at the dates mentioned. Appellant was sentenced on the 1st day of September, 1917. A motion for new trial was filed in due time, but appellant's attorney was sick, unable to be present, and no order was made on the motion. After the expiration of the term, namely, on September 10th, appellant, through his counsel, sought to have the court pass on the motion for new trial, and sought to have notice of appeal entered, no notice of appeal having been given during the term. There is a statement in the record signed by the trial judge in vacation, dated September 10th, in which he states that no notice of appeal having been given during the term he refused to enter one in vacation.

Article 915, Code of Criminal Procedure, states: "An appeal is taken by givnng notice thereof in open court at the term of court at

which conviction is had, and having the same entered of record." This court has held a number of times that this statute is jurisdictional and that the failure to enter a notice of appeal during the term prevents jurisdiction of the appeal attaching in this court. See cases listed in Vernon's C. C. P., p. 877.

The statute was amended in the Acts of 1915, page 159, the amendment providing as follows: "That if notice is given and the order is not entered of record at the term at which the case was tried, the court in term time or vacation may enter an order requiring the notice to be entered of record nunc pro tunc." It will be noted that this amendment does not modify the principle that the notice of appeal during the term is essential but provides that where the notice is given during the term and there is failure to enter it, that it may be subsequently entered of record. The failure to give a notice of appeal during the term at which appellant was tried precludes this court from entertaining jurisdiction of it. The appellant undertook to file a statement of facts which the trial court refused to approve upon the mistaken view that it could not be filed after the term in the absence of an order made during the term authorizing filing thereafter. Article 845, Code of Criminal Procedure, grants thirty days after a term lasting less than eight weeks within which to file a statement of facts, and further is construed to allow ninety days within which it may be filed. See cases, Vernon's C. C. P., p. 832.

We are precluded from reversing the case because appellant was deprived of a statement of facts without his fault, and are also precluded from considering the statement of facts agreed to, by the absence of jurisdiction, brought about by the failure to give notice of appeal. We have read the paper, however, and it appears to relate to the identical transaction passed upon in the case mentioned above.

The appellant, however, in this case raises the issue of alibi, which was duly submitted to the jury, and decided against him.

For the reasons stated, the appeal is dismissed.

*Dismissed.*