## WISE HENTON v. THE STATE.

### No. 5184.  Decided February 19, 1919.

1.—Bigamy—Motion for New Trial—Statement of Facts—Practice on Appeal.

Where the statement of facts is filed after the expiration of time allowed by the court, when he overruled defendant's motion for new trial, the same can not be considered on appeal.

2.—Same—Charge of Court—Requested Charges.

Where the requested charges are covered by the court's main charge, there was no error in refusing them.

3.—Same—Indictment—Former Spouse.

Where, upon trial of bigamy, the indictment alleged that one Wise Henton did then and there unlawfully marry Bessie Scott, he, the said Wise Henton,

then and there having a lawful former wife then living, towit, Florence Henton, nee Florence Bullock, to whom he had theretofore been lawfully married, the same was sufficient. Following Nicholson v. State, 53 Texas Crim. Rep., 631. Distinguishing Vinsant v. State, 42 Texas Crim. Rep., 413, and other cases.

Appeal from the District Court of Smith. Tried below before the Hon. J. R. Warren.

Appeal from a conviction of bigamy; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Fitzgerald & Ramey* and *J. A. Bulloch,* for appellant.—On question of insufficiency of the indictment: Bryan v. State, 54 Texas Crim. Rep., 18; Morville v. State, 63 id., 551; McAfee v. State, 38 id., 124; Gunter v. State, 191 S. W. Rep., 541.

*E. B. Hendricks,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Smith County of the offense of bigamy and in a proper manner he brings the case to this court for revision.

From the record it appears that appellant's motion was overruled on June 10, 1918, and an order then made by the trial court granting sixty days "from this date in which to prepare and file a statement of facts and bill of exceptions." We find no order extending such time in the record. The statement of facts was filed in the clerk's office at Tyler on August 17th, which was after the expiration of the time allowed by the court, hence same can not be considered by us.

The special charges asked by appellant seem to be covered by the main charge, and but one point is presented for our serious consideration, and that is, the sufficiency of the indictment, which was questioned by a motion to quash and a motion in arrest of judgment. The charging part of the indictment is as follows: "That one, Wise Henton, did then and there unlawfully marry Bessie Scott, he, the said Wise Henton, then and there having a lawful former wife then living, towit: Florence Henton, nee Florence Bullock, to whom he had theretofore been lawfully married."

The statute defining bigamy is as follows: "If any person who has a former wife or husband living shall marry another in this State, such person shall be punished by imprisonment in the State penitentiary for a term not less than two nor more than five years." Under this statute it is only necessary to allege that at the time of the marriage of the accused to Bessie Scott in Smith County, Texas, he had a former spouse then living, in order to bring the allegations within the terms of the statute, but it has been held necessary, as a matter of pleading and in order to make the indictment full and specific, that it should allege the name of the former spouse, if known, as well as that of the person with whom the illegal marriage is contracted. In the McAfee case, 38 Texas Crim.

Rep., 124, the indictment charged the accused with unlawfully marrying C. B., "she then and there having a husband then living." Judge Henderson in that case held that the indictment did not come up to the statute in that it did not allege that the accused had a former husband then living, further holding that it would be entirely consistent to contend that C. B. came within the language of the indictment, "then and there having a husband then living," and that there was nothing in the indictment to show that the "husband then living" was other than C. B. The name of the former spouse of the accused was not in the indictment and the court held the indictment bad.

In Vinsant v. State, 42 Texas Crim. Rep., 413, the indictment followed the language of the statute almost literally except that it did not name the party who was Vinsant's former wife, and the court, citing only the McAfee case, held the indictment bad.

In the Nicholson case, 53 Texas Crim. Rep., 631, the indictment charged that Nicholson did unlawfully marry Ida Ammacher, he, the said Nicholson, then and there having a former living and lawful wife, towit: Mary Nicholson. This conviction was affirmed, the court holding the indictment sufficient though the direct point of attack was different from the point here under immediate consideration.

In the Bryan case, 54 Texas Crim. Rep., 18, the indictment charged the accused with marrying Minnie Robinson, he then and there having a lawful former wife then living, but the former wife was not named in the indictment. The opinion in the Bryan case quotes several pages of the opinion in the McAfee case, cites the Vinsant case, and holds the indictment insufficient.

It will be observed that the name of the former wife was left out of each of the indictments held insufficient, and in the only indictment considered by this court in which the name of the former wife was alleged, that in Nicholson's case, the indictment was upheld.

In the Morville case, 63 Texas Crim. Rep., 553, this court, through the presiding judge, upheld the indictment, which, in our opinion, charges the same thing in law as the indictment in the present case. There is a great deal of verbiage in the Morville case, but in the opinion of the writer that portion of said indictment which charges "that said Morville at the time of his marriage with Jessie Osteen had theretofore been, and was then and there, lawfully married to said Theresa Morville, and at the time of the said marriage with the said Jessie Osteen, the said Theresa was then and there living," charges no more, with all its useless verbiage, than does the simple statement that Morville unlawfully married Jessie Osteen he then and there having a lawful former wife, towit: Theresa, then living.

Judge Henderson, in the Burton case, 51 Texas Crim. Rep., 198, says that the word "former" in this statute designates a wife had prior to the one then being married, and certainly if the indictment in the instant case alleges that Wise Henton unlawfully married Bessie Scott, he then and there having a living former wife, towit: Florence Henton,

then living, the indictment charges all that is necessary. It is not within the objections made in the McAfee case, the Bryan case, or the Vinsant case above cited, but on the contrary charges every statutory ingredient of bigamy and fully apprises the appellant of the person who is claimed to be his lawful former wife then living.

In our opinion the indictment is sufficient, and there being no further errors in the record, the judgment of the lower court will be affirmed.

*Affirmed.*