### Ernest White v. The State.

No. 5267.   Decided March 12, 1919.

Rehearing Denied March 12, 1919.

1.—Local Option—Statement of Facts—Bills of Exception.

Where the statement of facts and bills of exception were not filed within the ninety-day period allowed by the court, they must be stricken from the record on motion by the State; besides, the statement was not approved by the trial judge.

2.—Same—Practice on Appeal.

In the absence of a statement of facts and bills of exception, there appearing no error on record in the indictment or charge of the court, the judgment is affirmed.

3.—Same—Motion for Rehearing.

Where appellant, in his own person, in his motion for rehearing complained that he was without counsel and this court erred in not acting upon fundamental error apparent of record, but the court finds no error in its former judgment, the motion is overruled.

4.—Same—Sentence—Practice on Appeal.

This court has no power to direct that the day of appellant's sentence and the term of his imprisonment begin on the date of his conviction in the court below.

Appeal from the District Court of Montague. Tried below before the Hon. John Speer, judge.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. A. Berry*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—In this case appellant was convicted for violating the local option law in Montague County and his punishment fixed at confinement in the penitentiary for one year.

The Assistant Attorney General has made a motion to strike from the record the statement of facts and bills of exception of appellant for the reason that same are not filed in time. The record shows that the court adjourned on July 20. 1918, after entering an order granting to appellant sixty days from such adjournment in which to file statement of facts and bills of exception. Before the end of this sixty day period the court made an order further extending said time for filing, for an additional thirty days. The statement of facts and bills of exception were not filed until October 19, 1918, and this was clearly not within the ninety day period allowed by the court, and the motion of the State must be sustained.

An additional objection to the statement of facts is that same was not approved by the trial judge. The indictment and charge of the court, together with the remaining portions of the record show no error which we can consider, in the absence of the statement of facts and bills of exception.

The judgment of the lower court will be affirmed.

*Affirmed.*

ON REHEARING.

March 12, 1919.

LATTIMORE, JUDGE.—This case comes before the court upon motion for rehearing filed by the appellant in *propria persona* in which he complains that upon a former hearing he was without representation either in person or by attorney, and that the court erred in not acting upon the fundamental error apparent of record in this case.

The court fully considered all of the errors presented and as none are pointed out in this motion for rehearing we are unable to say wherein any error was committed in the former judgment of this court.

This court has no power to grant to appellant the relief prayed for, to-wit, by directing that the day of his sentence and the term of his imprisonment begin on the date of his conviction in the court below.

There being no errors shown by the motion for rehearing the motion will be accordingly overruled.

*Overruled.*