### F. D. HUGHES v. THE STATE.

#### No. 6845.    Decided May 10, 1922.

**1.—Burglary—Venue—Rule Stated—Practice on Appeal—Presumption.**

Where the statement of facts contained no specific statement that the premises were in the county of the prosecution, but it appeared from the record on appeal that no issue was raised in the trial touching the question of venue, the presumption obtained that the venue was proved. Following Glassen v. State, 38 Texas Crim. Rep., 351.

**2.—Same—Bill of Exceptions—Time of Filling.**

The law requires that bills of exception be filed within thirty days unless there be granted an extension of time, and where in the instant case this did not appear, the bill of exceptions could not be considered.

Appeal from the Criminal District Court of Harris. Tried below before the Honorable W. C. Robinson.

Appeal from a conviction of burglary; penalty, four years imprisonment in the penitenitary.

The opinion states the case.

*Rogers & Jones,* for appellant.

*R. G. Storey,* Assistant Attorney General, and *E. T. Branch,* District Attorney, for the State.

MORROW, Presiding Judge.—Conviction is for burglary; punishment fixed at confinement in the penitentiary for a period of four years.

Appellant entered the house of one McAnally and took from it various articles. The entry was made by climbing to the second story of the house and going through a window which opened on the

back porch of the house, which window was open at the time. He climbed up the lattice work and in that way pulled himself up on the porch and went in through the window.

The sufficiency of the evidence is not challenged except upon the theory that the venue was not proved. The court trying the cause was permitted by law to continue in session for more than eight weeks, and in this instance did so.

Appellant's motion for new trial was overruled on the 22nd day of October, 1921. The bills of exceptions were filed on November 22nd, which was thirty-one days after the motion for new trial was overruled. The law requires that they be filed within thirty days, unless there be granted an extension of time. Appellant obtained an extension of time within which to file the statement of facts. Objection is made by the State of the consideration of the bills. The failure to file the bills of exceptions within the time allowed by law precludes their consideration by this court in the absence of a satisfactory reason for the delay appearing in the record. In the instant case, we are constrained to sustain the State's motion to disregard the bills of exceptions. Jarrott v. State, 84 Texas Crim. Rep. 544; Henton v. State, 84 Texas Crim. Rep. 606; White v. State, 85 Texas Crim. Rep. 28; Hart v. State, 86 Texas Crim. Rep., 653; Ferris v. State, 85 Texas Crim. Rep. 86; Martin v. State, 82 Texas Crim. Rep. 269; Castoreno v. State, 82 Texas Crim. Rep. 621.

The statement of facts contains no specific statement that the premises were in Harris County. In describing the location of the burglarized premises and other localities giving the residences 'of witnesses, the references are to certain streets and numbers and the names of the localities. There was no issue made during the development of the case touching the venue. Appellant requested a peremptory instruction but it contained no suggestion that it was upon the ground of the failure to prove the venue. In Article 938, Code of Crim. Proc., it is declared that this court shall presume on appeal that venue was proved ''unless such matter was made an issue in the court below, and it affirmatively appears to the contrary by a bill of exceptions, properly signed and allowed by the judge of the court below.'' The record in the instant case is without such bill of exceptions. Cases giving application of the statutes mentioned are numerous. Glasson v. State, 38 Texas Crim. Rep. 351; and other cases listed in Vernon's Tex. Crim. Stat., Vol. 2, p. 899; Scott v. State, 42 Texas Crim. Rep. 607.

Finding no error presented justifying a reversal, the judgment is affirmed.

*Affirmed.*