### ED. McCAULEY v. THE STATE.

No. 8055.   Decided February 13, 1924.

Rehearing denied March 26, 1924.

**1.—Aggravated Assault—Sufficiency of the Evidence—Serious Injuries.**

The finding of the jury that the assault was made in the manner described in the indictment and that serious injuries were inflicted being supported by sufficient evidence, this court is not authorized to disturb the verdict. Following: Wagner v. State, 87 Texas Crim. Rep., 47.

**2.—Same—Excessive Punishment.**

The penalty assessed is but half of that allowed by law, and greater punishment has been held not excessive upon facts not more aggravated. Following: Odom v. State, 200 S. W. Rep., 833.

**3.—Same—Rehearing—Venue—Practice on Appeal.**

Under the terms of, article 938 C. C. P., it must be presumed that the venue was as charged, and in the absence of a showing made during the trial the same cannot be reviewed on appeal.

**4.—Same—Requested Charges—Practice on Appeal.**

It is the imperative requirement of the law that in order to secure a review of the charge of the court the accused must present his objections thereto in writing, distinctly specifying the grounds thereof, and this not being done, there is no reversible error.

Appeal from the County Court of Limestone.  Tried below before the Honorable H. F. Kirby.

Appeal from a conviction of aggravated assault; penalty, a fine of $500 and one year confinement in the county jail.

The opinion states the case.

1

*O. F. Watkins,* for appellant.—On question of insufficiency of evidence: Himmelfarb v. State, 174 S. W. Rep., 586.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is aggravated assault; punishment fixed at a fine of $500 and confinement in the county jail for one year.

We are favored with no brief for the appellant; neither do we find any bills of exception complaining of the procedure.

The evidence coming from the State's witness is substantially this: The injured party, Drew Phillips, was visited at his home by Hogan Beatty, Federal Prohibition Officer Ed McCauley, Ed Wooton, and G. R. Wright. Phillips was advised by them that their purpose was to search his premises for intoxicating liquors or for evidence that he was manufacturing intoxicating liquors. They possessed a search-warrant. They claimed that they had found a worm in the loft of Phillips house and placed him under arrest, accused him of manufacturing intoxicating liquors and demanded that he reveal the location of his still. He denied that he had one or that he had been or was engaged in the manufacture of intoxicating liquor. He was cursed and abused and taken to various places upon the premises while the search was continued, but no still was found, nor was any liquor discovered. The searching party divided. Two of them—Wooton and the appellant—had Phillips in their custody. Appellant mashed Phillips to the ground and held his foot on his neck while Wooton whipped him with a stick about four feet long and one inch in diameter at one end and one-half inch in diameter at the other end, and inflicted severe pain, rendering Phillips' back blue from the hip to below his knee which caused him continued suffering and inability to work from the time of the offense, which took place on the 28th of December, until the day of the trial on the 16th of April following. Phillips offered no resistance. He was taken to jail, and while there he sent for a physician who testified that upon examination, Phillips claimed and seeemed to be suffering considerably; that he was unable to find anything seriously wrong with him but gave him a hypodermic to ease his pains and produce sleep. He saw marks and bruises upon the body of Phillips and noticed something the matter with his testicles. The lights in the jail where the examination was made were bad.

Phillips' wife described the injuries, suffering and pain of Phillips and corroborated his statements.

Hines, who was present, also arrested and taken to jail together with Phillips and later released by the United States Commissioner

together with the appellant, testified that the appellant and Wooton took Phillips down the pasture but that he did not see them whip him or hear the licks, but after they returned he heard Beatty ask if he (Phillips) told them, and afterwards say: "Let us get a trace chain and hang this s— of a b——;" that some one said; "No, there has been too much whipping already." Phillips, on the way to jail, complained of his injuries and of having been whipped and also complained of them while in jail. Garrett, a citizen of Groesbeck, testified that after the release of Phillips, he saw injuries upon him; that his back was blue from his hips to the knees; that one of his testicles was very black and swollen. Wright, one of the officers, testified that he took part in the search of Phillips' premises and was under the direction of Beatty, the Federal Prohibition Officer; that appellant was one of the party making the search; that during the time which Phillips was in custody of the appellant and Wooton they were separated only a short time; that they were not out of sight of the witness more than ten minutes. The wife of Phillips was not able to identify the appellant on the trial. No testimony was given upon behalf of the appellant except that of Wright to which reference has been made.

The only question arising from the record is the sufficiency of the evidence. That Phillips, while in custody of the officers, was assaulted by them and received at their hands the injuries described was established without serious controversy. This court is not warranted in holding with the testimony before it that the injuries were not serious. The finding of the jury that the assault was made in the manner described in the indictment and that serious injuries were inflicted being supported by sufficient evidence, this court is not authorized to disturb the verdict. The statute placed with the jury the discretion within the limits fixed by law to assess the punishment. Inglen v. State, 36 Texas Crim. Rep., 472; Wagner v. State, 87 Texas Crim. Rep., 47.

The penalty assessed is but half of that allowed by law, and greater punishment has been held not excessive upon facts not more aggravated. Odom v. State, 82 Texas Crim. Rep., 580, 200 S. W. Rep., 833, and cases there cited.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

LATTIMORE, Judge.—In his motion for rehearing appellant argues at length that the evidence fails to show that the offense was committed in Limestone County, the county in which the offense

was laid by the indictment. We are commanded by the terms of Article 938, C. C. P., to presume that the venue was as charged, in the absence of a showing that this was made an issue in the trial court. There is nothing in the record that reflects any such contention advanced on the trial, nor is there any bill of exceptions from which we may learn such fact. We have no choice but to follow the mandates of the written law.

Appellant also complains at length and cites authorities to support various attacks made by him upon the charge of the court. We find in the charge no fundamental error. The court gave a charge in writing in which he submitted the law of aggravated assault and of simple assault in accordance with charges usually given when such are the issues. No exceptions were reserved to the charge. It is the imperative requirement of our statute, Article 735, C. C. P., that in order to secure a review of the charge of the court the accused must present his objections thereto in writing distinctly specifying the grounds thereof. This not having been done, we regret we cannot consider appellant's complaint of the form of the charge on principals and the failure of the court to give to the jury the converse of the law of principals, as now here contended for by appellant's attorney.

Finding no error in the record, the motion is overruled.

*Overruled.*