TOM GREENWOOD v. THE STATE.

No. 8579.  Delivered Jan. 7, 1925.

Rehearing denied Feb. 13, 1925.

**Possession of Intoxicating Liquor—Remarks of District Attorney—Harmless.**

Appellant complains of the remark of the District Attorney that "you have got a man here who is guilty.". The bill in which the complaint is made does not show in what connection the remark was made, nor any of the surrounding circumstances to enable the court to determine its effect, if any, and the action of the trial court in failing to exclude the remark, and in overruling the motion for a new trial was justified under the facts before it.

Appeal from the Criminal District Court of Harris County.  Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction for the unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

The opinion states the case.

*H. H. Cooper,* 'and *Frank Williford,* of Houston, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of intoxicating liquor for the purpose of sale; punishment fixed at confinement in the penitentiary for one year.

The indictment embraced a count charging the unlawful possession of whisky for the purpose of sale; a count charging the sale of intoxicating liquor to Bill Bolling; also a count charging the sale to H. J. Janson.  The court submitted but one count, namely. that charging the unlawful possession of intoxicating liquor for the purpose of sale. The verdict of guilty is responsive to that charge and count in the indictment alone.

The complaint of the remark of the district attorney that "you have got a man here who is guilty" cannot be sustained for the reason that we are unable to learn from the bill in which the complaint is made of the connection of the remark with any of the surrounding circumstances.  In the absence of such information, the presumption

is indulged that the action of the trial judge in failing to exclude the remark and in overruling the motion for new trial was justified under the facts before it. Moore v. State, 7 Texas Crim. App., 14; Edgar v. State, 59 Texas Crim. Rep., 252; Morgan v. State, 82 Texas Crim. Rep., 621, and cases cited.

According to the circumstances detailed by the State's witnesses, the appellant, on the 16th day of July, possessed a bottle of whisky which he sold to Bolling. Appellant presented the theory of alibi touching this transaction. There was thereby presented an issue of fact touching his presence on that particular date, which issue, in our opinion, was, upon sufficient evidence, resolved by the jury in favor of the State. Two witnesses testified that they, in company with Bolling, went to the house of the appellant, at which were also present the appellant and a negro. According to these witnesses, Bolling got the whisky, handed the negro a five-dollar bill, which was passed to the appellant, who returned to Bolling two dollars in change. In addition to the transaction mentioned, however, there was evidence, both from the admission of the appellant and from the State's witnesses, that appellant, on other occasions within the period of limitations, had possessed and sold intoxicating liquors.

The evidence seems ample to show that the appellant was in possession of whisky for the purpose of sale.

The judgment is affirmed.

*Affirmed.*