### FRANK M. BRADY AND DAVID ORGEES V. THE STATE.

No. 11348.   Delivered January 25, 1928.

**1.—Theft—Proof of Venue—When Presumed.**

Under Art. 847, C. C. P. 1925, proof of venue is presumed in the absence of a bill of exception showing to the contrary. See Hughes v. State, 91 Tex. Crim. Rep. 642, and McCauley v. State, 97 Tex. Crim. Rep. 1.

**2.—Same—Indictment—Charging Theft—Embraces Theft by Fraudulent Pretext.**

Where an indictment charges theft, as defined in Art. 1410, P. C. 1925, such an indictment has been many times held sufficient to support a conviction upon proof of the elements of theft by false pretext, as defined in Art. 1413, supra. See Branch's Ann. P. C., Sec. 2493; Maddox v. State, 41 Tex. Crim. Rep. 205, and other cases cited. Distinguishing Bink v. State, 98 S. W. 249, and other cases cited.

### 3.—Same—Continued.

"One who, with a preconceived design to fraudulently deprive the owner of personal property, obtains possession of it, and makes use of the possession to convert the property to his own use, would not be excused from a charge of theft, by the fact that the owner consented to part with the possession of his property." This we understand to be a general rule, often applied in our own and other jurisdictions. See Segal v. State, 98 Tex. Crim. Rep. 485.

### 4.—Same—Continued.

"Where, however, the owner of the property voluntarily parts not only with its possession, but with the title to the property as well, the offense is not theft. It may under certain circumstances be swindling, but one having both the possession and title to property does not by converting it become guilty of theft, notwithstanding the acquisition with fraudulent intent. See Gibson v. State, 85 Tex. Crim. Rep. 462.

Appeal from the District Court of El Paso County. Tried below before the Hon. W. D. Howe, Judge.

Appeal from a conviction of theft, penalty assessed against appellant Brady eight years and against appellant Orgees four years in the penitentiary.

Appellant Brady having filed an affidavit to withdraw his appeal, without prejudice against that of appellant Orgees, the appeal of Brady is dismissed and that of Orgees is affirmed.

The opinion states the case.

*David E. O'Feil* of El Paso, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is theft, the jury having assessed against Brady a penalty of confinement in the penitentiary for eight years, and against Orgees a penalty of four years' confinement in the penitentiary.

Brady and Orgees were jointly charged with the theft of $1,500 from W. J. Warren. The indictment charged the fraudulent and unlawful taking without the consent of Warren. The averments were appropriate to charge theft, as defined in Art. 1410, P. C. 1925. The evidence brings the case within the purview of theft as defined by Art. 1413, P. C. 1925, which reads as follows:

"The taking must be wrongful, so that if the property came into the possession of the person accused of theft by lawful means, the subsequent appropriation of it is not theft, but if the taking, though originally lawful, was obtained by any false pretext, or with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of

the person taking, and the same is so appropriated, the offense of theft is complete."

Since the appeal the appellant Brady has filed in this court an affidavit asserting his desire to withdraw his appeal without prejudice to that of the appellant Orgees.

In the transcript there are found no bills of exceptions. In a separate paper there is a document denominated bill of exceptions, which is a complaint of the failure of the trial judge to extend the time for the filing of the statement of facts. The complaint in the bill is shown by the indorsement of the judge thereon to be without merit. The statement of facts was filed and has been given consideration upon this appeal.

In the brief the sufficiency of the evidence is challenged, and the assertion is made that the venue was not proved. The complaint last mentioned is not supported in fact, and moreover, its consideration is precluded by the statute (Art. 847, C. C. P. 1925), which demands that in the absence of a bill of exceptions showing the contrary, proof of venue is presumed. See Hughes v. State, 91 Tex. Crim. Rep. 642; McCauley v. State, 97 Tex. Crim. Rep. 1.

Upon the proposition that the evidence is insufficient, counsel has favored us by way of argument or otherwise, with no elaboration of his contention or analysis of the facts. He cites, however, Bink v. State, 98 S. W. 249; Price v. State, 91 S. W. 571; Pitts v. State, 5 Tex. Crim. App. 122; Segal v. State, 98 Tex. Crim. Rep. 485. The Price case deals with the insufficiency of an indictment specifically charging theft by false pretext as defined in Art. 1413. The indictment in the present instance is not attacked, nor is it regarded vulnerable; it contains the approved averments charging the offense of theft as defined in Art. 1410, supra. Such an indictment has many times been held sufficient to support a conviction upon proof of the elements of theft by false pretext, as defined in Art. 1413, supra. See Branch's Ann. Tex. P. C., Sec. 2493; Maddox v. State, 41 Tex. Crim. Rep. 205; Hawkins v. State, 58 Tex. Crim. Rep. 407, and many other cases collated under the section mentioned. See also Segal v. State, 98 Tex. Crim. Rep. 485. In Segal's case, which is cited by the appellant, the following statement is found:

"One who with a preconceived design to fraudulently deprive the owner of personal property, obtains possession of it and makes use of the possession to convert the property to his own use, would not be excused from a charge of theft by the fact that the owner consented to part with the possession of his

property. This we understand to be a general rule often applied in our own and other jurisdictions."

"When the owner of property voluntarily parts, not only with its possession but with the title to the property as well, the offense is not theft. It may, under certain circumstances, be swindling; but one having both the possession and title to property does not, by converting it, become guilty of theft, nothwithstanding the acquisition with fraudulent intent."

See also Gibson v. State, 85 Tex. Crim. Rep. 462.

In the present instance, the appellants Brady and Orgees were co-conspirators. The object of the conspiracy was to steal $1,500 from a negro man sixty-seven years of age. To accomplish the end in view, various statements were made and acts done. After conversing with Warren and ascertaining his financial status, Brady represented himself as a civil service man, seeking to apprehend offenders. He led Warren to believe that through his (Brady's) influence he (Warren) could be employed by the United States Government in the civil service at very lucrative compensation. Warren became interested and got into an automobile with Brady. In the course of the ride Brady pretended to observe an individual pick up an envelope with a government seal, which was denominated a payroll. He accosted the individual, who was his confederate Orgees. The representation was made by Orgees that the envelope contained $3,000 in money and some Liberty bonds. Brady represented that in pursuance of his duties as a civil service man the matter ought to be reported, but in order that there might be a profit in the transaction, the money would be divided equally between the three (Brady, Orgees and Warren); but to guarantee that Warren would not use the money in a manner that would arouse suspicion, it was stipulated that he must exhibit the sum of $1,500 as a guarantee that he was able to maintain himself for a given length of time without the use of the money which was to be derived from the transaction. It was pretended that Orgees' employer, who wanted the Liberty bonds, would have to be assured that the appellant would not be imprudent, and the $1,500 was delivered to the appellant in order that it might be exhibited as evidence of his financial standing. From Warren's cross-examination we take the following quotation:

"I gave him that money because he claimed he wanted to show that I had plenty of money to carry me over without using that thousand. The boy didn't claim he stole the $3,000; he said he found it and wanted to hold it until it was called for. I was to have an interest in it; it was to go to three parties and

mine. I just had to show this $1,500 to show I had plenty to carry me over without touching the $1,000. I gave $500 to Brady. I gave Orgees ten $100 bills and he was going to divide up the $3,000. Brady was going to show that. I didn't give Orgees the $1,000. I just turned the $1,500 over to them to show, and they went off with it and left me there in the car. I was going to get my $1,500 back right away and then a fraction over $1,000."

After receiving the money the conspirators departed. Warren reported the matter to the police, and the appellants were arrested in another city ánd found to be in possession of a greater part of the money. A woman was in their company, who Brady described as his wife, and who was also in possession of a part of the money.

Both Brady and Orgees testified but made no denial of their identity, and in effect corroborated the testimony of Warren. From Brady's cross-examination the following quotation is taken:

"I got the old man and played the game and sold him a half interest in the $3,000 for $1,500. I can't tell whether he was so easy as to do that or not, but he did do it. When I took that $1,500 I knew he was going to be $1,500 short when the sun went down."

Orgees testified that he did not have any conversation with Warren, but that he got a part of the money from Brady; that he knew in advance of the fraudulent scheme and expected to profit by it. We quote from his testimony:

"This old man Warren never gave me any money or promised to give me any. I got that $500 from Brady. I never talked with Warren about money and he never talked with me."

On cross-examination he said:

"I knew I was going to get something out of what Brady got. I was to be paid for my part in carrying the scheme through."

We are far from convinced that the evidence is insufficient. On the contrary, it is considered conclusive of the guilt of the accused.

The appeal of Frank M. Brady is dismissed in accord with his request; and as against David Orgees, the judgment is affirmed.

*Affirmed.*