### E. M. LAYTON v. THE STATE.

No. 4075.    Decided February 12, 1908.

**Simple Assault—Confession—Insufficiency of Evidence.**

Upon trial for simple assault, it was error to admit defendant's bare verbal confessions made when under arrest, both under the former and present law; defendant denying said confessions.

Appeal from the County Court of Montague. Tried below before the Hon. George S. March.

Appeal from a conviction of a simple assault; penalty, a fine of $5.

The opinion states the case.

*J. W. Chancellor,* for appellant.—Acts of Thirtieth Legislature, page 219.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of a simple assault, and his punishment assessed at a fine of $5.

The evidence in this case shows that the State, over appellant's objection, introduced a confession against him, and the bill of exceptions shows that appellant was under arrest at the time the confession was introduced. This was clearly error not only under the acts of the last Legislature, but under all the previous rules of this court. We find no evidence in this record, except the bare statement of appellant that he committed the offense. This statement was made, as suggested above, to a third party who testified to same. Appellant got upon the stand and denied in toto that he made any such confession. Even conceding that appellant was not under arrest at the time the supposed confession was made, we could not permit a verdict in this case to stand upon appellant's confession alone.

For the error pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*