## Cap Garrett v. The State.

### No. 969. Decided February 13, 1911.

Rehearing Denied March 8, 1911.

**1.—Aggravated Assault—Simple Assault—Private Residence.**

Upon trial of aggravated assault, where the evidence showed that the offense was committed in the house of a private family, defendant could not be heard to complain that the court authorized the jury to find him guilty of simple assault, of which offense he was convicted.

**2.—Same—Venue—Presumption.**

Under Article 904, Code Criminal Procedure, as amended, the Appellate Court is required to presume that the venue was proved, unless it is made affirmatively to appear to the contrary by bill of exceptions incorporated in the transcript.

Appeal from the County Court of Rains. Tried below before the Hon. O. H. Rodes.

Appeal from a conviction of simple assault; penalty, a fine of $5.

The opinion states the case.

*D. M. Rodes,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case the appellant was charged with the offense of committing an aggravated assault on James Samuels, and upon a trial was adjudged guilty of simple assault, and his punishment assessed at a fine of $5.

The complaint of the appellant in this cause is, first, that the verdict of the jury is contrary to the law and the evidence; second, that the court erred in charging the jury that in the event they did not find defendant guilty of aggravated assault and battery, that they might find the defendant guilty of simple assault; third, that as the defendant stands charged with aggravated assault and battery, which offense comes within one of the special causes set out in the Penal Code which makes the offense of assault and battery aggravated, and because the information charges that the offense was committed in the house of a private family, as set out in section 3 of article 601 of the Penal Code, the court should not have charged on simple assault; that the verdict of the jury finding defendant guilty of simple assault is contrary to the law and void for the reason that the offense charged could not be reduced to simple assault as shown by the evidence. That the evidence showed that the offense was committed in the house of a private family. Appellant can not be heard to complain that the court authorized the jury, if they found that he made the assault, to impose upon him a less fine than was authorized by law. It certainly could not have injured him. If the court erred in such charge, it was

to the benefit of the appellant—more favorable to him than he was entitled to.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

March 8, 1911.

HARPER, JUDGE.—At a former day of this term the judgment of the trial court was affirmed, and defendant now presents a motion for rehearing in said cause.

The first ground relied on is that the record fails to show that the venue was proven on the trial of the cause. In the case of McGlasson v. State, 38 Texas Crim. Rep., 351, it is held: "The amendment to article 904, Code of Criminal Procedure (Acts 25th Leg., p. 11), requires the court, on appeal, to presume that the venue was proved unless it is made affirmatively to appear to the contrary by bill of exceptions incorporated in the transcript. This would apprehend that before the court on appeal could hold that the venue was not proved, the court below must certify that the evidence did not establish the venue, or the bill of exceptions should contain all the evidence bearing on the same, and from this testimony it must appear that the venue was not proved." In this case there is no bill of exceptions, and this court must presume that the venue was proven.

The only other ground in the motion is that the evidence showed that defendant was guilty of an aggravated assault, if guilty of any assault. The verdict finds the defendant guilty of an assault, and that a less penalty was inflicted than the evidence might have justified is not such error of which defendant can complain.

The motion for rehearing is overruled.

*Overruled.*