### W. D. ALLEN v. THE STATE.

No. 2492.    Decided June 18, 1913.

**1.—Keeping Disorderly House—Evidence—Incompetent Testimony.**

Where, upon trial of keeping a disorderly house where spirituous and other liquors were sold and kept for sale without license, defendant contended that he had rented this house to a social club and was not concerned in the sale or keeping said liquors, and the court had sustained an objection to the question whether the witness had ever seen them close except when there was an injunction against them, but State's counsel persisted in repeating this

question until the witness finally answered in the affirmative, the same was reversible error, as the evidence in the injunction case was not shown to have been the same as that in the instant case.

**2.—Same—Evidence—Name of Place.**

Where defendant claimed that he was not concerned or interested in the sale of intoxicating liquors, but that he had rented his place to a social club who were in control of the premises and conducting them, it was error to admit testimony that these premises were known under the name of the defendant as Allen's Garden.

**3.—Same—Evidence—Irrelevant Testimony.**

Where the question was as to whether defendant or a social club was concerned in keeping the premises for the sale of liquor without license, testimony that the premises were located near a school building, etc., was inadmissible.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of keeping a disorderly house for the sale of spirituous liquors without license; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was tried under an indictment charging him with keeping and being concerned in keeping a house where spirituous, vinous and malt liquors were sold and kept for sale without first having obtained a license.

The testimony of several citizens and policemen of Dallas introduced by the State, would authorize a jury to find that in a place known as Allen's Garden liquors were sold and kept for sale, the State's contention being that Mr. Allen was the owner and proprietor of the place, and it was run under the name of the Scientific, Political and Literary Association, as a subterfuge to cover up the illegal purposes of the place, that Allen might engage in the sale of liquors without paying the license fees due under our laws.

Appellant's contention is that while it is true that he owned the house and grounds where the liquor is shown to have been kept, and sold to the members of the club (there being some evidence of indiscriminate sales) that the grounds and house was rented by the Scientific, Political and Literary Association, a bona fide association of persons; that the club paid him $75 per month as rent for the premises, and he had no other or further connection with the business conducted there than any other member of the association. The alleged officers testified that they were officers of the association; that they paid the monthly rental to Mr. Allen; that the place was kept under their direction by a steward, the board of directors controlling the premises; that Mr. Allen

was not an officer or director and had no voice in the control of the premises.

With these issues sharply drawn, in one bill it is shown:

"That while the witness J. T. Murray, a witness for the State, was giving his testimony in chief herein, on direct examination, he was asked the following question by C. C. Westerfeld, assistant county attorney, ·in speaking of the club which this defendant is charged with running and in which this defendant is charged with selling intoxicating liquors without a license: 'Did you ever see them closed only when there was an injunction against them?' To which question the defendant objected and the court sustained his objection. The defendant objected because it was immaterial, illegal, incompetent and prejudicial to this defendant to prove that he had been enjoined from selling liquor at this place by another and different court. Said objection being sustained by the court and the county attorney having been informed by the court that he could not introduce this testimony as evidence against the defendant on this trial:

"Be it further remembered that while the witness Al Wolff, a witness for the defendant, was upon the witness stand and after he had testified on direct examination that he was the president of the club which this defendant is charged with running and in which the State had attempted to prove that he was selling liquor, without license, was asked on cross-examination by the said C. C. Westerfeld, assistant county attorney, 'How many meetings the club had held since they had . been enjoined from selling liquor without license?' to which question the defendant objected for the reason above set out and the court sustained the objections and the defendant further excepted to the county attorney asking a second time a question which the court had instructed him was an illegal question, and therefore the court again instructed the said assistant county attorney not to attempt to introduce this character of testimony.

"And be it further remembered that after the assistant county attorney had examined the said Wolff for a few minutes longer he again asked the said Wolff the question: 'How many meetings have you had out there since this club has been enjoined from selling intoxicating liquor without license?' To which question again the defendant objected for the reason above stated and the further reason that this question had been asked by the assistant county attorney and the court had ruled it to be illegal twice before and the county attorney after knowing of the ruling of the court continues to ask this question which is prejudicial and hurtful to the defendant. It is prejudicial and harmful that the defendant must continually object to this question and the court a third time sustains the objection of the defendant and instructs the assistant county attorney a third time not to ask this question.

"And be it further remembered that while the defendant, W. D. Allen, was upon the witness stand and after he had given his testimony in chief and it not having been brought out by the defendant or any other wit-

ness that the club which this defendant is charged with running and in which he is being prosecuted for selling intoxicating liquor without license had been enjoined, the said assistant county attorney, C. C. Westerfeld, asked if it were not a fact that he had been enjoined several months ago from selling liquor, and asked if he and the club had not been enjoined several months ago by a District Court in Dallas County for selling liquor without a license, to which question the defendant's counsel objected and over the objection of the defendant's counsel the defendant was forced to answer said question and in order to answer the question it was necessary for him to answer the question in the affirmative and did so answer the question in the affirmative.".

This testimony was inadmissible, and when the trial judge sustained an objection to it when it was first sought to be introduced, this should have ended the matter, and it was highly improper for the county attorney to keep propounding the same question to different witnesses after the court had instructed him not to do so. However, it seems by his insistence he finally succeeded in getting the testimony before the jury, when the court compelled appellant to testify in regard to the matter, and also placed in the record an error which will necessitate a reversal of the case. It is not shown that the same evidence was introduced in the injunction case as was introduced on this trial, and if the district judge did enjoin the sale of liquors in such garden, this was but his opinion and judgment in that case, and such opinion and judgment was not admissible in evidence on the trial of this case, as the offense for which appellant was on trial in this case occurred long prior to the trial of the injunction proceedings had in the District Court. There was and is no contention that appellant, the association, or its officers had kept any liquor, or made any sale after the issuance of the injunction, and by this testimony it was sought to show, and in fact did tend to prove, that the district judge thought appellant was connected with the matter in a way to make him guilty of this offense by including him in the injunction.

Again, over the objection of the defendant the State was permitted to prove that this garden was located near a school building which white children attended. This shed no light on whether or not appellant, or the Scientific, Political and Literary Association was in control of the premises and conducting it. There was no contention that any license was held by either appellant or the association, the contest in its last analysis simply resolving itself around the question, was appellant keeping or was he concerned in keeping these premises, or was the association doing so? The objection to this testimony should have been sustained.

Again all the testimony shows that the grounds and house were the property of appellant. The State's contention was that he was running a place for storing and selling intoxicating liquors. Appellant's defense was that he had rented the premises to the Scientific, Political and

Literary Association, a chartered institution, and if any liquors were stored or sold on the premises it was the act of the association and the steward, and other persons in control of the property, and not his acts and conduct; that while he owned the property, he had no connection with the management of it, nor control over it. He asked special charges presenting these issues, and they should have been given. The State was also permitted to prove that the property where the liquors were stored and sold was commonly called and known as "Allen's Garden." The defendant objected to this testimony. As, under the facts of this case, such testimony was not legitimate to prove that he was keeping and concerned in keeping the premises, and after the testimony was admitted, asked special charges seeking to control the effect of it. It may be true that the property was known as Allen's Garden, but if as testified to by him and the officers of the association, he had rented this property for five consecutive years to the association, and during all that time he had no control over the property, nor connection with it other than to collect his rents, it can be seen how hurtful and harmful would be the testimony that it was known as "Allen's Garden" under the evidence adduced and issues made. Under the peculiar circumstances of this case this testimony should not have been admitted; and, if admitted, it should have been controlled so that it would only apply to the ownership of the property, and not to have been used as evidence that he was in control of the business conducted therein. He was not prosecuted for renting the premises but as being interested in the business run therein.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*