W. M. Bolin v. The State.

No. 11464.   Delivered March 28, 1928.

Rehearing denied May 16, 1928.

**1.—Passing Forged Instrument—Bill of Exception—Incomplete—Presents No Error.**

Where, on a trial for passing a forged instrument, appellant objected to testimony as to certain handwriting on the ground that the witnesses were not qualified to give evidence of such character, and his bill of exception complaining of the matter was not verified by the trial court as to the truth of his objections, such bill presents no error.

**2.—Same—Continued.**

The mere statement of the grounds of objection is not sufficient. Appellant should always incorporate so much of the evidence in the bill as is necessary to verify the truth of his objections.   See Arnold v. State, 168 S. W. 125, and other cases cited.

**3.—Same—Indictment—Motion to Quash—Properly Overruled.**

Where appellant moved to quash the indictment because it charged appellant with having passed the forged instrument in question upon the Goliad Bank and Trust Company and upon Alonzo Bruckmiller, without alleging any legal relation between the two, was properly overruled.

**4.—Same—Continued.**

If the pleader had proof of a passing of the instrument in question in accord with his allegations, it was his duty to so allege it, and if upon the trial there was a variance between his allegation and proof, such a matter could not be reached by a motion to quash.

ON REHEARING.

**5.—Same—Venue Not Proven—Issue Not Properly Raised.**

Where, on motion for rehearing, appellant for the first time complains that venue was not proven on the trial, but that the offense was alleged to have been committed in Kleberg County, while the testimony shows it to have been committed in Goliad County.   No bill of exception presenting the matter appears in the record, and the complaint comes too late.

**6.—Same—Continued.**

Art. 847, C. C. P., provides in part: "The court shall presume that the venue was proven in the court below, * * * unless such matters were made an issue in the court below, and it affirmatively appears to the contrary by a bill of exceptions approved by the judge of the court below, or proven up by bystanders, as provided by law, and duly incorporated in the transcript.   See McGlasson v. State, 38 Tex. Crim. Rep. 360; Munger v. State, 57 Tex. Crim. Rep. 384; Art. 187, C. C. P.; also Mason v. State, 32 Tex. Crim. Rep. 95.

**7.—Same—Continued.**

The venue in a forgery case is not determined alone under the terms of the statute by proof that an instrument was actually altered or forged in a certain county.   The forgery or alteration may be accomplished by other facts in the record, which would give one of several counties venue. See authorities, supra.

Appeal from the District Court of Kleberg County.   Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction for passing as true a forged instrument, penalty two years in the penitentiary.

The opinion states the case.

*E. H. Crenshaw, Jr.,* and *C. H. Reese,* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—The offense is fraudulently passing as true a forged instrument, penalty two years in the penitentiary.

Two bills of exception appear in the record to the admissibility of testimony as to certain handwriting, the objections being that the witnesses were not qualified to give evidence of such character. The truth of these objections is not verified by the court. The defendant should always incorporate so much of the evidence in the bill as is necessary to verify the truth of his objections. The mere statement of the grounds of objection is not sufficient and we are not able to determine from the face of these bills whether the witnesses were qualified or not. Arnold v. State, 168 S. W. 125; Smith v. State, 4 Tex. Crim. App. 630; Branch's P. C., Sec. 209. If these matters, however, had been properly presented for review, they would seem to be of such a trivial character as would not justify a reversal.

It is further insisted that the indictment should have been quashed because it charges the appellant with having passed the instrument in question upon the Goliad Bank and Trust Company and upon Alonzo Bruckmiller without alleging any legal relation between the two. If the pleader had proof of a passing of the instrument in question in accordance with his allegations, it was his duty to so allege it, and if upon the trial there was a variance between his allegation and proof, such a matter could not be reached by a motion to quash.

Believing the evidence sufficient and no error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MARTIN, JUDGE.—Appellant files a motion for rehearing, suggesting for the first time that no venue was proven in Kleberg County where the trial was held and that the record affirmatively shows a variance between the allegation in the indictment, alleging the offense to have been committed in Kleberg County, and the testimony, which shows it was committed in Goliad County. There does not appear in the record any bill of exception presenting the matter in any way. The evidence was not objected to and the question was in no way raised in the lower court. Art. 847, C. C. P., provides in part:

"The court shall presume that the venue was proven in the court below * * * unless such matters were made an issue in

the court below and it affirmatively appears to the contrary by a bill of exceptions approved by the judge of the court below or proven up by bystanders, as provided by law, and duly incorporated in the transcript."

Addressing himself to a similar question, Judge Henderson in the case of McGlasson v. State, 38 Tex. Crim. Rep. 360, uses the following language:

"The Act, in effect, provides that as to the venue in all cases the court shall presume that it was proved in the court below, unless it was made an issue there and it affirmatively appears to the contrary by a bill of exceptions. * * * It appears to us that this statute requires this court to indulge the presumption that the venue was proved in the court below unless the bill of exceptions shows affirmatively that it was not proved."

Vernon's C. C. P., Vol. 3, p. 245, note 5, states the rule as follows:

"Under this article it will be presumed that venue was proved unless it was a question of serious import upon the trial or unless contested or verified in a bill of exceptions."

Judge Davidson in the case of Munger v. State, 57 Tex. Crim. Rep. 384, says of this question:

"Where the issue was fought out upon the trial as to whether the offense was in the county where the venue was laid or not, we would notice it without requiring a bill of exceptions."

Art. 187, C. C. P., relating to the venue of forgery cases, provides in part as follows:

"Forgery may be prosecuted in any county where the written instrument was forged, or where the same was used or passed, or attempted to be used or passed, or deposited or placed with another person, firm, association or corporation either for collection or credit for the account of any person, firm, association or corporation."

Mr. Branch states the rule on such a question as follows:

"A prosecution for the offense of forgery may be commenced and carried on in any county where the false instrument in writing was forged either entirely or by alteration, or in any county where the same was used or passed or attempted to be used or passed by defendant or his *innocent agent*. Branch's P. C., Sec. 1405; Mason v. State, 32 Tex. Crim. Rep. 95.

From the above it seems plain that this matter must have been raised in the court below in some way. This is not a question of jurisdiction. The Constitution vests in the District Court jurisdiction over the offense charged in the indictment. The accused will not be permitted to sit idly by and take his chances

of an acquittal without raising any issue of any kind and after he has been convicted raise for the first time on appeal a question either of variance as to venue or of lack of proof of venue. This, we think, he has been plainly inhibited from doing under the terms of Art. 847, C. C. P. We are not called upon to go through the statement of facts and ascertain what proof was made as to venue in a case of this character. The venue in a forgery case is not determined alone under the terms of the statute by proof that an instrument was actually altered or forged in a certain county. The forgery or alteration may be accompanied by other facts in the record which would give one of several counties venue. Authorities, supra. An issue should have been made of the matter in the court below or there should have been presented to this court a bill of exception as provided by Art. 847, C. C. P., in order to present the matter for review.

Believing a correct disposition was made of the case on the original hearing, appellant's motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.