Moise Guidry v. The State.

No. 13539.   Delivered June 25, 1930.
Rehearing denied October 22, 1930.
Reported in 31 S. W. (2d) 633.

The opinion states the case.

*Tom J. Cunningham* of Eastland, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, Judge.—Conviction is for manufacturing intoxicating liquor, punishment being one year and a day in the penitentiary.

Officers of Jefferson County discovered appellant operating a still across a bayou in Hardin County. The prosecution was in Jefferson County. The court told the jury that an offense committed on the boundary of two counties, or within 400 yards thereof could be prosecuted in either county, (Art. 190 C. C. P., Rev. Stat. 1925,) and required them to find that the offense was committed in Jefferson County or within 400 yards of the boundary. No objection was interposed to such instruction. The only question presented here is that the evidence fails to show that the still was being operated within 400 yards of the county line. No bill of exception in any form presents the complaint. It would be a sufficient answer to refer to Art. 847 C .C. P. (Rev. Stat. 1925) which requires this court to presume that venue was proven unless an issue was made upon that point in the trial court, which was not done in the present case.

See McGlasson v. State, 38 Tex. Cr. R. 351, 43 S. W. 93; Garrett v. State, 61 Tex. Cr. R. 514, 135 S. W. 532. Other authorities are collated in Note 5, under Art. 847, Vol. 3, Vernon's Am. C. C. P. of Texas.

If the question had been properly raised in the trial court the evidence shows without contradiction that the still was being operated within 400 yards of the Jefferson County line.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—There is not even a suggestion in the facts of this case that the whisky made by appellant was for any one of the purposes excepted by the statute, and if the charge of the court was technically incorrect in stating broadly that it was unlawful in this state to manufacture intoxicating liquor, such error was of no possible harm to appellant, and we are forbidden to reverse cases for errors of the charge unless same were calculated to injure the rights of the accused. See Art. 666, C. C. P. The proposition that appellant was engaged in the manufacture of intoxicating liquor, seems not questioned. The fact that the officers who arrested him were Jefferson county officers, and that appellant was engaged in manufacturing intoxicating liquor within a few yards of the county line, would not render their testimony inadmissible.

The motion for rehearing will be overruled.

*Overruled.*

HAWKINS, J., absent.