J. B. LINGO. v. THE STATE.

No. 13938.   Delivered January 28, 1931.

The opinion states the case.

*D. T. Moore,* of Aquilla, and *Houtchens & Houtchens* and *J. Harold Craik,* all of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft by conversion of an automobile of more than fifty dollars; the punishment, confinement in the penitentiary for two years.

Appellant rented a Chevrolet roadster from R. J. Jeffers in Wichita Falls. Mr. Jeffers testified that under the contract he had with appellant the car was to be returned in three or four hours. Appellant carried the car to Hill County. There, according to appellant's confession, Sam Wood and appellant chiseled the numbers off of the engine, removed the license numbers and threw them into a well and placed some license numbers taken off of another car on the Chevrolet roadster. Appellant's confession was to the further effect that he and Hobart James carried the car to west Texas, where James traded it to a garage man in a small town nine miles east of Hermlee, Texas. Appellant stated in his confession that he was drunk at the time the trade was made and that James actually consummated the trade, in which he (James) received a Ford touring car and some money. Testifying for the State, James declared that he had nothing to do with selling the car. He said that he went with appellant to west Texas without knowing that the car had been stolen; that appellant disposed of the car himself and received the money therefor. Several weeks after its conversion the car was recoverd from the party to whom it had been sold. Appellant admitted in his testimony that he rented the car, but declared that he had no intention at any time of converting it to his own use. He denied that he removed the numbers, and stated that the car was sold by his companion James while he (appellant) was drunk. The value of the car was shown by the State to have been approximately four hundred dollars.

Appellant suggests in his brief that the State failed to prove venue in Hill County, where the trial was had, and that the record affirmatively shows the offense to have been committed in the county in which the car was sold. No bill of exception presenting the matter appears in the record. The question was in no way raised in the lower court. Article 847, C. C. P., provides, in part, as follows:

"The court shall presume that the venue was proved in the court below; * * * unless such matters were made an issue in the court below, and it affirmatively appears to the contrary by a bill of exception approved by the judge of the court below, or proven up by bystanders, as provided by law, and duly incorporated in the transcript."

In the state of the record, we must presume that venue was proved in the court below. Bolin v. State, 109 Texas Crim. Rep., 556, 5 S. W. (2d) 998; Berry v. State, 111 Texas Crim. Rep., 611, 13 S. W. (2d) 697. It may be added that our examination of the statement of facts convinces us that the State proved venue in Hill County. After leaving

Wichita Falls, where the car was rented, appellant drove it to Hill County notwithstanding the fact that under the contract of hiring he was to return the car to the owner in Wichita Falls in three or four hours. The State's testimony was to the effect that the engine numbers were removed from the car in Hill County and that appellant there used the car before taking it to west Texas, where he sold it. The facts and circumstances reflected by the record are, in our opinion, sufficient to show that the conversion was consummated in Hill County. It is the rule that the venue of the offense of conversion by a bailee is in the county in which the conversion was consummated. Treadwell v. State, 99 Texas Crim. Rep., 342, 269 S. W., 803.

Appellant complains in bills of exception Nos. 5 and 6 of the action of the trial court in permitting a witness for the State to testify that appellant told him, after he had been arrested, that he used the automobile in question in Hill County and then carried it to west Texas, where he traded it off. Appellant objected to the testimony on the ground that he was under arrest at the time the statement was made, and that the provisions of Art. 727, C. C. P., relating to confessions, had not been complied with. It is observed that the bills of exception are in question and answer form. No certificate of the trial judge showing the necessity of such form appears. Hence the bills are not entitled to consideration. Polk v. State, 109 Texas Crim. Rep., 421, 5 S. W. (2d) 149. If the bills should be considered, it appears that the information given to the witness by appellant led to the recovery of the stolen car. It is the rule that oral confessions made while the accused is in confinement or in custody of an officer are inadmissible, unless in connection with such confession the accused makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of the stolen property, etc. Branch's Annotated Penal Code, Section 60; Layton v. State, 52 Texas Crim. Rep., 513, 107 S. W., 819; Fry v. State, 58 Texas Crim. Rep., 169, 124 S. W., 920.

Bills of exception Nos. 5 and 6 being in question and answer form without a certificate of the trial judge showing the necessity of such form, are not entitled to consideration. Polk v. State, supra.

The State proved, over appellant's objection, that appellant had theretofore been absent on two occasions when the present case was called for trial, and that his bonds had been forfeited. That the accused forfeited his appearance bond may be proved as tending to show flight. Branch's Annotated Penal Code, Section 135; Hart v. State, 22 Texas App., 563, 3 S. W., 741; Brown v. State, 57 Texas Crim. Rep., 570, 124 S. W., 103.

An examination of all of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.