## W. R. (SLIM) WOODS V. THE STATE.

No. 23140. Delivered June 6, 1945.
Rehearing Denied June 28, 1945.

The opinion states the case.

C. R. *Carpenter*, of Lubbock, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The unlawful sale of whisky in a dry area is the offense; the punishment, a fine of $1,000.00 and six months in jail.

The purchaser named in the information testified that he purchased from appellant the bottle of whisky exhibited before the jury. This, together with the proof showing the area wherein the sale and purchase were made to be dry within the meaning of the Liquor Control Act, constituted a prima facie case of guilt authorizing the jury's verdict. Appellant's contention that the facts are insufficient to support conviction is overruled.

It is here for the first time insisted that venue was not proven, as alleged. No issue was made as to this question upon the trial of the case and, by reason thereof, the presumption prevails in this Court that venue was proven. Art. 847, C.C.P.; Guidry v. State, 116 Tex. Cr. R. 294, 31 S. W. (2d) 633.

We are unable to follow appellant in his contention that the charge of the court did not charge upon the question of reasonable doubt. The charge before us shows that the jury was instructed to acquit appellant if there existed in their minds any doubt as to his guilt.

We agree with appellant that the penalty inflicted in this case is rather severe, especially in view of the fact that the State's case showed only a single sale with no attendant aggravating circumstances; but the amount of punishment to be inflicted is for the jury—and not for this Court—to determine. Venn v. State, 105 Tex. Cr. R. 19, 184 S. W. 955.

No reversible error appearing, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains herein that it is not shown by the proof that the defendant and "Slim" are one and the same person. He does admit that the State's witness did state that he knew the defendant and saw him in his place of business in Crosbyton on a certain date, and on that date the witness brought a quart of whisky and paid "Slim" $12.00 therefor. The witness then detailed where "Slim" was sitting and how he purchased such whisky from "Slim."

Appellant was charged as W. R. (Slim) Woods, his name thus written in the complaint and information, and a request for a peremptory instruction is signed by W. R. (Slim) Woods, and we think it to be reasonably plain that he was sometimes referred to as the defendant and sometimes as "Slim."

We think the question of venue was properly disposed of in our original opinion.

The motion will be overruled.