**Ted Marlin THOMPSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 38277.

Court of Criminal Appeals of Texas.

June 2, 1965.

Rehearing Denied Oct. 13, 1965.

Sam W. Bostick, W. B. Portis, Jr., Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Joe Shaffer, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for aggravated assault upon a police officer; the punishment, six months in jail.

It was alleged that the appellant made an aggravated assault upon A. L. Cor-nett, a police officer of the city of Pasadena, Texas, who was in the lawful discharge of duties of his office at the time of the assault.

While visiting in the home of his former wife, the appellant became very upset when she told him she had a date with another man and asked him to leave. Upon leaving, the appellant badly damaged her automobile. When Officers Carr and Lawless arrived at her home they found that the damage to her car was as follows: two tires and two fan felts were cut, the distributor cap was broken, and the carburetor had been removed and thrown on the garage floor. As the officers started to leave, the appellant approached, driving a 1963 Thunderbird. The officers drove their marked car in front of him and turned on the red light in an effort to stop him, but he turned into a yard and around the patrol car and drove away at a high rate of speed. The officers pursued him at 80 to 100 mph for several miles. During this time he ran several stop signs and red traffic lights. Other offciers, including Officer Cornett, entered the chase after being alerted by radio. When a police car came alongside appellant's car, he turned into the parking lane on the side of the road and stopped. Officer Cornett parked his car so its headlights shined on the appellant's car. Cornett opened the door on the driver's side, and after the appellant got out he searched him. When Officer Cornett started to put the handcuffs on the appellant, he struck Cornett on the shoulder and began to fight. Cornett hit the appellant twice in the head with a pistol but was unable to subdue him until he received assistance from other officers.

The evidence reveals that A. L. Cornett at all times here in question was employed as a police officer of the city of Pasadena; that he was on active duty, riding in a marked vehicle and wearing his policeman's uniform.

Testifying in his own behalf, the appellant stated that he went to the home of his

former wife to pay some money for child-support; that when she asked him to leave, as she had a date, he became upset and lost control of himself, and cut the tires and radiator hose and did other damage to her car and left. After going a short distance he decided to return, apologize to her, and tell her that he would repair the car. As he came within view, and saw a police car, with red light flashing, sitting in front of the house, he became frightened, passed around the patrol car, and drove away at a high rate of speed through the green traffic lights but slowed down at the red lights before going ahead. When the appellant heard some gunshots during the chase, he thought the officers were going to kill him and, as he drove to the shoulder of the road to stop, a police car came alongside his car and an officer had a shotgun pointing toward him. He further testified that Officer Cornett jerked him from his car and struck him with a pistol from behind on head; that he and other officers cursed him and severely beat him, and that he made no resistance because he was scared for his life.

There is testimony from both the appellant and the state that appellant had been previously committed to a state mental hospital, but there was testimony that he did know right from wrong at the time of the assault and at the time of the trial. No charge on insanity was submitted and none was requested.

The appellant called several witnesses whose testimony as to the facts, including his injuries, corroborated his testimony.

The jury resolved the conflict in the evidence against the appellant, and we find the evidence sufficient to support the conviction.

The contention is made in appellant's brief that the state failed to prove venue. According to the record no issue as to venue was made before the return of the verdict in the case. Under the provisions of Art. 847, C.C.P., this court will

presume, in the absence of a bill of exception to the contrary, that venue was proved. Masters v. State, 165 Tex.Cr.R. 303, 306 S.W.2d 355; Harp v. State, Tex. Cr.App., 383 S.W.2d 176.

There are no formal bills of exception and no objections to the court's charge.

The informal bills have been considered and none of them present error.

The judgment is affirmed.

Opinion approved by the Court.