**Enrique P. ROMAY, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42186.**

Court of Criminal Appeals of Texas.

June 25, 1969.

John F. Dominguez, Mercedes, Franklin T. Graham, Jr., Brownsville, for appellant.

Oscar B. McInnis, Dist. Atty., Edinberg, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is selling and disposing of mortgaged property, the punishment, five years, probated.

▮ The case was submitted to the jury under an indictment charging appellant with selling and disposing of certain personal property under mortgage to "a person to the Grand Jurors unknown". There is an absence of proof showing that appellant sold or disposed of any of the property to any person. Descriptive allegations contained in the indictment must be supported by proof adduced at the trial. Gutierrez v. State, 171 Tex.Cr.R. 493, 352

S.W.2d 124, see also the cases collated at 21A Tex.Dig., Indictment and Information, ☜171 and 179.

By motion for instructed verdict appellant amply placed the State on notice that venue had not been proven and yet the State offered no further proof.

This ground of error alone calls for a reversal.

■ Where venue is made an issue in the trial court, failure to prove venue in the county of the prosecution constitutes reversible error. Lyles v. State, 158 Tex.Cr.R. 509, 257 S.W.2d 310.

The original "security agreement" offered in evidence does not show that it was filed for record in the office of the county clerk of Hidalgo County where this prosecution was had. Art. 13.13, Vernon's Ann. C.C.P., reads as follows:

> "When mortgaged property is taken from one county and unlawfully disposed of in another county, the offender may be prosecuted either in the county in which such property was disposed of, or in the county from which it was removed, or *in which the lien on it is registered.*" (Emphasis added).

There is no competent evidence as to what happened to the cattle which were mortgaged, nor any showing that they were ever in Hidalgo County.

■ In order for the State to rely upon the venue having been laid in Hidalgo County it was incumbent upon them to show that the mortgage was registered in said county. This identical question was before the Court in Reasoner v. State, 147 Tex.Cr.R. 114, 178 S.W.2d 861.

Because venue was made an issue in the trial court and not there established, see Reasoner v. State, supra, and because of the fatal variance pointed out, the judgment is reversed and the cause remanded.

WOODLEY, P. J., not participating.