Cheryl Ann HOLDRIDGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–84–001–CR.

Court of Appeals of Texas, Waco.

Dec. 13, 1984.

Gerald E. Bourque, Bellaire, for appellant.

Jeffrey K. Brown, County Atty., Bryan, for appellee.

HALL, Justice.

Appellant Cheryl Ann Holdridge was charged by complaint and information with committing the offense of prostitution by offering to engage in sexual intercourse for a fee. V.T.C.A., Penal Code § 43.-02(a)(1). The offense was enhanced to a Class A misdemeanor with allegations of a prior conviction for prostitution. Penal Code § 43.02(c). The punishment for a Class A misdemeanor is a fine not to exceed $2,000.00, or confinement in jail not to exceed one year, or both the fine and confinement. Penal Code § 12.21. Pleading not guilty, appellant was found guilty by a jury, and the court assessed her punishment at a fine of $500.00 and confinement in jail for a term of sixty days.

Appellant seeks reversal on two grounds of error asserting (1) the record affirmatively disproves the State's allegation of venue, and (2) the trial court erroneously denied appellant's pretrial motion for discharge under the Speedy Trial Act. We overrule these contentions, and we affirm the judgment.

The complaint and information alleged that appellant committed the offense in question "in the County of Brazos, State of Texas." The only evidence on venue was the testimony of the State's complaining witness that the offense was committed at "the Mini-Movie Hot Tub located on Highway 6 south of Brazos County ... outside the limits of College Station."

■ Appellant raises the issue of venue on appeal for the first time. Vernon's Ann. C.C.P. art. 44.24(a) provides, "The courts of appeals and the Court of Criminal Appeals shall presume that the venue was proved in

the court below ... unless such [matter was] made an issue in the court below, or it otherwise affirmatively appears to the contrary from the record." We construe the phrase "or it otherwise affirmatively appears to the contrary from the record" to mean affirmative and conclusive proof in the record that the venue of prosecution was improperly laid.

■ C.C.P. art. 13.04 provides, "An offense committed on the boundaries of two or more counties, or within 400 yards thereof, may be prosecuted and punished in any one of such counties"; and C.C.P. art. 21.06 provides, "When the offense may be prosecuted in either of two or more counties, the indictment may allege the offense to have been committed in the county where the same is prosecuted, or in any county or place where the offense was actually committed." Thus, under articles 13.04 and 21.06, it was not error for the charging instruments in our case to aver that the offense occurred in Brazos County if in fact it occurred south of Brazos County but within 400 yards of the boundary of Brazos County. *Rushing v. State*, 546 S.W.2d 610, 611 (Tex.Cr.App.1977).

The evidence affirmatively shows that the offense was not committed in Brazos County as alleged in the complaint and information. However, the evidence does not affirmatively show that the offense was not committed within 400 yards of the boundary of Brazos County. If the record had not contained affirmative evidence that the offense was not committed within Brazos County, appellant could not have raised the issue of venue on appeal because it was not raised in the trial court, and we would have presumed that venue was proved in the court below in accordance with the provisions of art. 44.24(a), supra. Since the record does not affirmatively show that the offense was not committed within 400 yards of the boundary of Brazos County, and such location would have permitted prosecution in Brazos County under the provisions of art. 13.04, supra, and venue was not raised in the trial court, appellant

**768**

may not raise the issue of such proof on appeal and we must presume such venue proof was made in the trial court. Appellant's first ground of error is overruled.

■ Appellant was entitled to have the complaint and information set aside, and to be discharged from further prosecution, if the State was not ready for trial within ninety days from the date of her arrest on April 11, 1983. Vernon's Ann.C.C.P. art. 32A.02, Sec. 1(2), Sec. 2(a) and art. 28.061. At the pretrial hearing on appellant's motion for discharge under the Act, held on July 22, 1983, the prosecutor declared that the State was ready for trial at a prior trial setting on June 10, 1983, but that the State was not ready for trial at the time of the pretrial hearing on July 22nd. The case was continued to July 28, 1983, at which time it was tried. The State's declaration of readiness on June 10th was not rebutted by appellant. Accordingly, this declaration carried a presumption of readiness until the time the State declared it was not ready on July 22nd. *Barfield v. State*, 586 S.W.2d 538, 542 (Tex.Cr.App.1979); *Canada v. State*, 660 S.W.2d 528, 529 (Tex.Cr.App. 1983). At the hearing on July 22nd, the State also conceded it was not ready for trial on July 18th. Thus, the only times to be deducted from the State's ninety days for readiness were the sixty days from April 11th to June 10th, and the ten days from July 18th until July 28th, when the trial was held. This seventy days from the ninety days allowed shows the State was ready for trial well within the time limitation required by the Speedy Trial Act. Appellant's second ground of error is overruled.

The judgment is affirmed.