Cheryl Ann HOLDRIDGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 181–85.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 8, 1986.

Gerald E. Bourque, Houston, for appellant.

James Michael Kuboviak, Co. Atty. and Laura Marie Hubert, Asst. Co. Atty., Bryan, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

In this prosecution for prostitution the complaint and information charge that "in the County of Brazos, State of Texas" on a certain day appellant did knowingly offer to engage in sexual intercourse with John Laird for a fee. Unbeknownst to appellant, Laird was then and there working as a criminal intelligence investigator for the Department of Public Safety. The sole witness for the State, Laird testified at one point that appellant made the offer to him on premises of "the Mini-Movie Hot Tub located on Highway 6, *south of Brazos County ... outside the city limits of College Station.*"[1]

In her first ground of error presented to the Waco Court of Appeals appellant asserts the trial court erred in holding evidence was sufficient to sustain a conviction "because the evidence was insufficient to prove 'venue' as alleged in the information." Thereunder appellant quotes from Article 44.24(a) and underscores both clauses in the "unless" provision.[2] In her argument appellant contends that her plea of

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. In pertinent part Article 44.24(a), supra, mandates an appellate court to presume "that the

not guilty placed venue in issue and failure on the part of the State to prove venue "made the conviction unwarranted." She cites *Black v. State*, 645 S.W.2d 789 (Tex. Cr.App.1983), among others. In addition she reads testimony of Laird to prove that the offense was committed in a county other than Brazos. Therefore, the presumption of proper venue "dissolves when improper venue affirmatively appears in the record." Thus before the court of appeals appellant invoked both means of rebutting the presumption on appeal that venue was proved in the trial court.

Opining that appellant was raising the issue of venue for the first time on appeal, the Waco Court of Appeals found from the testimony of Laird that "the evidence affirmatively shows that the offense was not committed in Brazos County as alleged in the complaint and information;" however, looking to the provisions of Articles 13.04 and 21.06, V.A.C.C.P., the court concluded that since the record does not affirmatively show that the offense was not committed within 400 yards of the boundary of Brazos County, it still must presume such venue proof was made in the trial court. *Holdridge v. State*, 684 S.W.2d 766, 767–768 (Tex.App.—Waco 1984). We granted petition to review the reasons for and the decision of the Waco Court of Appeals. Articles 44.24(c) and 44.45(b), V.A.C.C.P.

At the outset appellant contends her motion for an instructed verdict "based on the State's failure to make a prima facie case of prostitution as alleged in the information is sufficient to place venue in issue, especially when Appellant's plea of not guilty placed all allegations of the information in issue." As in the court of appeals, she cites *Black v. State*, 645 S.W.2d 789, 790 (Tex.Cr.App.1983). We turn to examine that proposition in its evidentiary context.

That Laird had come to Brazos County to conduct an investigation into prostitution

venue was properly proved in the court below ... *unless* [it was] made an issue in the court below, or it otherwise affirmatively appears to the contrary from the record."

and on the alleged day of the offense at issue had gone to the Mini-Movie Hot Tub in the course of his investigation were undisputed. In essence, Laird related that after paying appellant to view a sexually oriented movie and he and she had engaged in general "small talk" conversation, appellant asked Laird "if [he] wanted anything extra," he inquired "like what" and, explaining that she worked "for tips," appellant stated a specific amount of money for each kind of several sexual activities she mentioned.

Appellant rested behind the State without presenting any evidence. After the State closed appellant moved for an instructed verdict on grounds that three decisions referred to by her counsel (but not cited in the record) dictated that "we strictly construe this statute," so that if the allegation is "there is an offer" the complaining witness "has got to say specifically that [the accused] offered to give him sexual intercourse for a fee. It cannot be, I work for tips, the tips are." In responding the prosecuting attorney insisted his proof supported every allegation in the information, *viz:*

"We have shown that particular conduct was offered, it was offered for a fee, it was offered to John Laird, *it was offered to him in Brazos County*, it was offered on April 11th of this year and [appellant] is the one that made the offer."

By rejoinder counsel for appellant attacked the attitude and facileness exhibited by Laird as a witness and then returned to his contention that the statute must be strictly construed; *ergo,* counsel concluded, "[the prosecution] has failed to present testimony to this court that even creates a prima facie case of prostitution as charged." Never did appellant contend venue in Brazos County had not been shown, nor did she challenge the State's argument that appellant made an offer of sexual intercourse to Laird in Brazos County.

In these circumstances we hold that the *motion for instructed verdict* based on grounds stated by appellant did not raise failure of the State to prove venue in Brazos County. *Masters v. State,* 165 Tex. Cr.R. 303, 306 S.W.2d 355 (1957); cf. *Martin v. State,* 385 S.W.2d 260, 261 (Tex.Cr. App.1964); see *Black v. State,* 645 S.W.2d 789, 792–793 (Tex.Cr.App.1983) (Onion, P.J., dissenting).

In *Black,* supra, the opinion of the Court carefully points out: "After the State had rested, the appellant made a timely and proper motion for acquittal *premised upon the State's failure to prove venue." Id.,* at 790. Thereafter the opinion states:

"A plea of not guilty puts in issue the allegations of venue, and the State must prove such allegations or a conviction will not be warranted. It is unnecessary for the defendant to put venue in issue by either special plea or negation of the allegation: venue must be proved as alleged. Art. 13.17, V.A.C.C.P."

*Id.,* at 790. Testimony of arresting officers was reviewed and found wanting with respect to venue and otherwise the record was "devoid of either direct or circumstantial evidence relating to venue," *id.,* at 791. The Court concluded:

"When venue is made an issue in the trial court, failure to prove venue in the county of prosecution constitutes reversible error. *Romay v. State,* 442 S.W.2d 399 (Tex.Cr.App.1969). The State having failed to prove venue, the appellant's motion for acquittal was improperly denied."

*Id.,* at 791.[3]

■■■ Though appellant would have us do so, *Black* should not be read to mean that by pleading not guilty an accused who does not otherwise timely raise an issue of venue in the trial court has made an issue of venue for purposes of avoiding the pre-

---

**3.** The *Romay* Court also found that a motion for instructed verdict "amply placed the State of notice that venue had not been proven and yet the State offered no further proof," *id.,* at 400. But in neither *Romay* nor *Black* did the Court

confront implications of Article 44.24(a), obviously because it found that venue had been made an issue in the trial court by means other than merely pleading not guilty.

sumption provided in Article 44.24(a). The statements in headnote 1 at page 790 pertain to putting the State to its proof. The rule that a plea of not guilty is enough to require the State to prove its allegation of venue is to place the burden of proof at trial. Article 44.24(a) is a rule of appellate presumption that the State met its burden of proof unless during trial accused challenged sufficiency of evidence presented by the State to show venue. *Masters v. State,* supra, S.W.2d at 357.

Turning to the other "unless" clause, we first observe that when the Code of Criminal Procedure was revised in 1965 the clause was modified conformably with other changes made with respect to the record. Previously the clause read:

> "and it affirmatively appears to the contrary by a bill of exceptions approved by the judge of the court below ... and duly incorporated in the transcript."

See Historical Note following Article 44.24; see also Acts 1897, 25 Leg., Ch. 12, p. 11, § 1, 10 Gammel's Laws of Texas 1065, amending former article 904, C.C.P. 1895.

Hard on the heels of the 1897 amendment came *McGlasson v. State,* 38 Tex. Cr.R. 351. 43 S.W. 93 (1897), in which the Court interpreted the second clause, *viz:*

> "It occurs to us that this statute requires this court to indulge the presumption that the venue was proved in the court below, unless the bill of exceptions shows affirmatively that it was not proved. This would seem to apprehend that, before we can treat the venue as not proved ... said bill of exceptions should contain all the testimony in the case tending to show venue, and certify that the same was all the testimony bearing upon that issue; and from this statement of the testimony it affirmatively appears that the venue in the case was not proved."

*Id.,* S.W. at 94. Such construction would be affirmed as the established rule, albeit a portion was somewhat restated from time to time. Accord: *Garrett v. State,* 61 Tex. Cr.R. 514, 135 S.W. 532 (1911); *Thompson v. State,* 72 Tex.Cr.R. 6, 160 S.W. 685, 686

(1913); *Belcher v. State,* 71 Tex.Cr.R. 160, 161 S.W. 459, 461–462 (1913); *Allen v. State,* 82 Tex.Cr.R. 416, 199 S.W. 633, 634 (1917) (bill must set out evidence "so as to negative the proof of venue"); *Hughes v. State,* 91 Tex.Cr.R. 642, 241 S.W. 150, 151 (1922); *Mohler v. State,* 98 Tex.Cr.R. 238, 265 S.W. 553, 555 (1924); *Bolin v. State,* 109 Tex.Cr.R. 556, 5 S.W.2d 998 (1928); *Guidry v. State,* 116 Tex.Cr.R. 294, 31 S.W.2d 633, 634 (1930); *Cantrell v. State,* 129 Tex.Cr.R. 240, 86 S.W.2d 777, 780 (1935) (unless evidence affirmatively shows venue elsewhere it is presumed to be in county where laid); *Valdez v. State,* 141 Tex.Cr.R. 52, 147 S.W.2d 246, 247 (1941) (evidence must negative the proof of venue); *Barragan v. State,* 141 Tex.Cr.R. 12, 147 S.W.2d 254, 256 (1941); *Thompson v. State,* 393 S.W.2d 922, 923 (Tex.Cr.App. 1965) (appellate court will presume venue proved in absence of bill "to the contrary"); see also Branch's Annotated Penal Code (2nd Ed.) 464, § 472.

As modified in 1965, the clause reads:

> "*or* it *otherwise* affirmatively appears to the contrary *from the record.*"

Immediately to be noticed is that this clause is stated disjunctively—a feature that sometimes has been overlooked: e.g., *Peterson v. State,* 659 S.W.2d 59, 61 (Tex. App.—Houston [14th] 1983), no PDR. The appellate presumption does not obtain *either* when venue was made an issue below *or* when the record affirmatively demonstrates "to the contrary." See, e.g., *Harris v. State,* 681 S.W.2d 726, 727 (Tex.App. —Houston [14th] 1984), PDR granted on other grounds and pending, and *Ducree v. State,* 681 S.W.2d 157, 159 (Tex.App.— Houston [14th] 1984), no PDR.

That exceptional feature aside, we are persuaded that substituting "from the record" for "by a bill of exceptions" et cetera did not substantively change the *McGlasson* rule as judicially refined. See *Arnold v. State,* 486 S.W.2d 345, 346 (Tex. Cr.App.1972) and *Gonzales v. State,* 486 S.W.2d 380, 381 (Tex.Cr.App.1972); see also *Harris* and *Ducree,* supra. That is to say, an appellate court may not presume

venue was proved by the State if the record affirmatively negates whatever proof was made by the State on the matter of venue.

■ According to Article 40.09, V.A.C. C.P., a certified transcription of the notes of the court reporter included in the record "shall establish the occurrence and existence of all testimony, argument ..., objections, exceptions, court actions ... and other events thereby shown and no further proof of the occurrence or existence of same shall be necessary on appeal." *Id.,* § 4. The record before us includes just such a statement of facts certified by the official court reporter to contain "all the proceedings in the above styled and numbered cause, all of which occurred in open court or in chambers and were reported by me." A formal bill of exceptions is necessary only to disclose some event or occurrence "not otherwise shown by the record." *Id.,* § 6.

· In the instant cause the court of appeals believed "the only evidence on venue" was the testimony of Laird as to location of the Mini-Movie Hot Tub, see *ante,* at p. 1., and it found: "The evidence affirmatively shows that the offense was not committed in Brazos County as alleged in the complaint and information." *Holdridge,* supra, at 767. For reasons about to be given, we will find that saying "Mini-Movie Hot Tub located on Highway 6, south of Brazos County" is not sufficient record evidence affirmatively to negate other proof made by the State on the matter of venue.

In his opening statement the prosecuting attorney told the jury his witness "is an investigator from the Department of Public Safety ... and we're going to try to prove the elements of the offense that we have alleged," briefly alluding to them. That Laird had come to Brazos County to conduct an investigation into prostitution was undisputed.

When asked where he was located while working in his capacity as an investigator on the day of the alleged offense, Laird described the location in the words relied on by the court of appeals. He believed that location is "outside the city limits of College Station." He then said he went there because he was conducting a criminal investigation, and upon entering met appellant.

Recounting his initial general conversation with appellant Laird testified they talked about the fact that appellant lived in Houston and "just worked here *in Brazos County.*"

After hearing appellant quote dollar amounts for tips on her menu of certain sexual activities and some negotiating, Laird feigned a necessity for him to go to his motel room for additional money, estimating it would take about ten to fifteen minutes to get the money and return. Instead, in about thirty minutes he arrived at the Brazos County office of a local justice of the peace and obtained a warrant (referred to variously in the record as an arrest warrant or a search warrant). Appellant stipulated that Laird executed the warrant, during crossexamination obtained a copy of his supporting affidavit and from it questioned Laird about his discussions with appellant at the Mini-Movie Hot Tub.

We find that the phrase uttered by Laird fails to negate other evidence presented by the State to prove venue as alleged. At best it is ambiguous; it does not necessarily mean the Mini-Movie Hot Tub was situated outside Brazos County. Not clear is whether Laird was referring to the Mini-Movie Hot Tub or to Highway 6 being "south of Brazos County." But whichever, considered as a colloquialism it may be taken to mean the southern part of Brazos County.

■ We hold that the appellate rule of presumption provided by Article 44.24(a) is applicable here, and should have been utilized by the court of appeals. On that basis we may and do uphold the judgment.[4]

---

**4.** In any event, our development of all evidence pertaining to venue demonstrates that the State met its burden of proof. In criminal cases the State may prove venue by a preponderance of evidence, either direct or circumstantial. *Black,* supra, at 790. It has been consistently held that

The judgment of the Waco Court of Appeals is affirmed.

TEAGUE, J., dissents.

evidence as to venue is sufficient if the jury may reasonably conclude from it that the offense was committed in the county alleged. *Id.,* at 793 (Onion, P.J., dissenting). We find that the proof made by the State was sufficient enough for the jury reasonably to conclude that appellant committed the offense in Brazos County. *King v. State,* 166 Tex.Cr.R. 231. 312 S.W.2d 501, 505 (1958).