George DILL, Appellant,

v.

The STATE of Texas, State.

No. 2–94–012–CR.

Court of Appeals of Texas,
Fort Worth.

March 23, 1995.

Hardy Burke, III, Denton, for appellant.

Bruce Issacks, Crim. Dist. Atty., Kathleen A. Walsh, Jason Jacoby, Asst. Dist. Attys., Denton, for State.

Before CAYCE, C.J., LIVINGSTON and RON CARR (Sitting by Assignment), JJ.

**OPINION**

LIVINGSTON, Justice.

The court found George Dill ("appellant") guilty of violating a protective order. Punishment was assessed at ninety days in jail and a $300 fine. The punishment was probated for two years on the condition that appellant spend thirty days in jail and get counseling. In his sole point of error, appellant argues the evidence was insufficient to prove the act violating the protective order occurred in Denton County, Texas. We affirm because appellate procedure rule 80(d) requires us to presume venue was properly proved in the trial court.

On September 8, 1988, Shirley Dill sought a protective order against appellant which was granted by a Denton County district court. The protective order was signed September 22, 1988 and prohibited appellant from going within 100 feet of Shirley Dill's residence at 1420 W. Main, # 1406, Lewisville, Texas. On April 6, 1989, Shirley Dill saw appellant circling her unit in the apartment complex approximately fifteen times in his white pick-up truck. She called the Lewisville police.

■ The State argues appellant failed to preserve the issue of venue for appeal by not raising the issue in the trial court. Where an appellant does not challenge venue during trial in a criminal case, an appellate presumption of venue applies. *Whalon v. State*, 725 S.W.2d 181, 188–89 (Tex.Crim.App.1986). Rule 80(d) of the appellate rules of procedure instructs, "The court of appeals shall presume that the venue was proved in the court below ... unless such matters were made an issue in the court below, or it otherwise affirmatively appears to the contrary from the record." TEX.R.APP.P. 80(d). Appellant in this case did not raise the issue of venue at trial, therefore, we are to presume venue was properly proved unless the record affirmatively shows the contrary. *See id.*

The phrase "or it otherwise affirmatively appears to the contrary from the record" has been construed to require " 'affirmative and conclusive proof in the record that the venue of prosecution was improperly laid.'" *O'Hara v. State*, 837 S.W.2d 139, 143 (Tex.

App.—Austin 1992, pet. ref'd) (citing *Holdridge v. State*, 684 S.W.2d 766, 767 (Tex. App.—Waco 1984); *aff'd*, 707 S.W.2d 18 (Tex. Crim.App.1986)). Not only does the record in this case fail to prove that venue was improper in Denton County, but appellant does not even allege that venue was improper in Denton County. Instead, appellant simply argues that the evidence was insufficient to prove venue was proper in Denton County.

Because appellant did not raise the issue of venue at trial and the record does not affirmatively and conclusively show venue was improper in Denton County, we presume venue was properly proved. Accordingly, appellant's sole point of error is overruled. The judgment of the trial court is affirmed.