

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00529-CR

Manuel M. **AYALA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR9405
Honorable Frank J. Castro, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
               Beth Watkins, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: December 6, 2023

AFFIRMED

Appellant Manuel Ayala was charged with aggravated robbery after he shot his friend twice, took his wallet and phone, and left him to bleed. Ayala was convicted by a jury and now complains on appeal that the State did not clearly establish venue at trial. We affirm.

### BACKGROUND

Ayala and the victim were friends since childhood. As adults, they continued to live near each other where they grew up on the southeast side of San Antonio. The victim supported Ayala's idea for a 2-in-1 dog leash invention and paid $6,000 to InventHelp for patent research and product

promotion. They had become business partners. But they also took drugs together. Ayala's "drug of choice" was methamphetamine. The victim abused methamphetamines, alcohol, and marijuana.

When the victim went to Ayala's house one night to discuss making a video, Ayala pointed a gun at him. He had become paranoid, believing that the victim "sold him out" and was hiding money. Ayala commanded the victim lie down and hand over his wallet and phone. Ayala drove the victim to an empty carwash, then to a friend's house, and then to Page Middle School where he parked in a driveway across the street from the school.

The victim tried to open his car door and step out, and Ayala told him to close the door. The victim reached for the gun, and Ayala fired, shooting a hole through the victim's hand and thigh. Then Ayala shot the victim in the knee. Ayala again commanded the victim to close the door, but the victim insisted he could not because he had been shot. Ayala got out to close the passenger door, and the victim escaped behind a large tree in front of the middle school. When Ayala saw the victim, he commanded him to get back inside the truck. The victim refused, and Ayala drove off.

The victim sat on some steps outside the middle school, yelling for help. He was bleeding and believed that he was going to die. Eventually, a neighbor heard him and called the police. She brought the victim a towel to wrap his hand. Paramedics arrived to transport the victim to the hospital. His injuries required surgery, and he testified that the old wounds continued to cause him pain.

The jury convicted Ayala of aggravated robbery, and he appealed. Ayala now challenges the evidence in support of proper venue.

## WAIVER

"Unless…disputed in the trial court, or unless the record affirmatively shows the contrary, the court of appeals must presume…that venue was proved in the trial court." TEX. R. APP. P.

44.2(c)(1); *Newton v. State*, 283 S.W.3d 361, 363 (Tex. App.—Waco 2007), *overruled on other grounds*, 275 S.W.3d 490 (Tex. Crim. App. 2009); *accord Williams v. State*, No. 05-08-01474-CR, 2010 WL 2978406, at *4 (Tex. App.—Dallas July 30, 2010, no pet.) (mem. op., not designated for publication); *Wilkens v. State*, No. 04-12-00781-CR, 2014 WL 1871327, at *2 (Tex. App.—San Antonio May 7, 2014, no pet.) (mem. op., not designated for publication) (citing *Hernandez v. State*, 198 S.W.3d 257, 268 (Tex. App.—San Antonio 2006, pet. ref'd).

Here, Ayala failed to raise a venue challenge during trial. *See Newton*, 283 S.W.3d at 363 (citing TEX. R. APP. P. 33.1(a)); *Williams*, 2010 WL 2978406, at *4. He now attempts to apply the *Jackson v. Virginia* legal sufficiency standard, arguing that the State left out a crucial element of proof regarding the venue for the driveway where he was shot. *See Jackson v. Virginia*, 443 U.S. 307, 326 (1979). However, "an allegation of improper venue does not implicate the *Jackson* sufficiency standard." *Calhoun v. State*, No. 13-13-00412-CR, 2014 WL 4401528, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 29, 2014, no pet.) (citing *Schmutz v. State*, 440 S.W.3d 29, 34 (Tex. Crim. App. 2014)). Rather, as stated, we presume that venue was proved, unless Ayala objected or the record affirmatively showed otherwise. *See* TEX. R. APP. P. 44.2(c)(1).

"For the record to show affirmatively that the State did not prove venue, 'the record [must] affirmatively negate [ ] whatever proof was made by the State on the matter of venue.'" *Newton*, 283 S.W.3d at 363 (citing *Holdridge v. State*, 707 S.W.2d 18, 21–22 (Tex. Crim. App. 1986)). The State offered testimony that Page Middle School is in Bexar County, which constituted some evidence that the offense occurred in Bexar County. *See Wilkens*, 2014 WL 1871327, at *3. No evidence refuted venue. *See id.*; *Newton*, 283 S.W.3d at 363. We presume that venue was proved in court. *See Wilkens*, 2014 WL 1871327, at *3; *Newton*, 283 S.W.3d at 363; TEX. R. APP. P. 44.2(c). We overrule Ayala's issue on appeal.

**CONCLUSION**

Because Ayala failed to raise a venue objection at trial, we conclude that he waived his venue issue on appeal. Furthermore, because the record does not affirmatively negate the State's proof of venue, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

DO NOT PUBLISH