NO. 12-04-00090-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
EDDIE ROSS,                                                     §                APPEAL FROM THE 114TH
APPELLANT
 
V.                                                                          §                JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                         §                SMITH COUNTY, TEXAS
                                                                                                                                                            
OPINION
            Eddie Ross appeals his conviction for aggravated assault with a deadly weapon. In three
issues, Appellant asserts that the evidence is not legally or factually sufficient to support his
conviction and that his trial counsel provided ineffective assistance of counsel. We affirm.
 
Background
            Appellant was charged by indictment with aggravated assault with a deadly weapon. See Tex.
Pen. Code Ann. § 22.02(a)(2) (Vernon 2003). The indictment alleged that, on or about March 25,
2003 in Smith County, Texas, Appellant intentionally or knowingly threatened Iwana Grant with
imminent bodily injury and used or exhibited a deadly weapon, to wit: a hypodermic syringe and
needle, during commission of the assault. Further, the indictment alleged that during commission of
the felony offense described above, Appellant used and exhibited a deadly weapon, to wit: a
hypodermic syringe and needle, “that in the manner of its use and intended use was capable of causing
death and serious bodily injury.” Appellant pleaded “not guilty.” 
            During voir dire, as the State’s counsel began to discuss punishment, the trial court asked both
counsel to approach the bench. The trial court stated that Appellant did not file an election on
punishment. Consequently, punishment would be assessed by the trial court. Appellant’s counsel
stated that she believed Appellant’s former counsel had filed an election. However, the trial court
reiterated that no such election was in the court’s file. Thus, the trial court refused to allow counsel
to voir dire the jury on punishment. 
            At trial, Gant testified that she contacted Officer Kelly Smith with the Drug Enforcement
Agency (“DEA”) regarding Appellant. As a confidential informant, Gant agreed to make a 
“controlled” buy of drugs from Appellant, specifically methamphetamine. According to Gant,
Appellant was living in a mobile home at 642 Jamestown Highway, Smith County, Texas. However,
Gant stated that the address might be in Wood County. On March 25, Gant and Appellant agreed that
Appellant would buy drugs in Tyler and be at the residence that afternoon. Smith fitted Gant with a
wire and gave her a car and money to buy the drugs. Then, Gant traveled to Appellant’s residence. 
Appellant informed Gant that he did not get the drugs, “grabbed” her money, and left. He returned
about an hour later and told Gant to go inside the mobile home. Gant bought the drugs from
Appellant, left the mobile home, and got in her car. However, according to Gant, Appellant followed
her, told her to give him some of the drugs, stated that he wanted to have sex with her, and refused
to let her leave. Frightened of “blowing” her cover, Gant returned to the mobile home. 
            Once inside the mobile home, Appellant used a syringe and needle to inject himself with
drugs. Appellant told Gant to put some of the drugs on a spoon and that they would have sex. Gant
refused. At some point, Appellant grabbed her arm, held the dirty needle, and told her that she was
going to do the drugs. Then, he sat on the couch and unzipped his pants. At that point, Gant used the
pre-arranged code words to signal the DEA that her life was in danger. Moments later, the DEA
arrived and took Appellant into custody. 
            At the conclusion of the trial, the jury found Appellant guilty of aggravated assault with a
deadly weapon as charged in the indictment. The trial court assessed punishment at twenty years of
imprisonment and a $10,000 fine.


 The trial court also made a deadly weapon finding. This appeal
followed.
 
Venue
            In his first and second issues on appeal, Appellant argues that the evidence is legally and
factually insufficient to support his conviction. More specifically, Appellant contends that the
evidence adduced at his trial was legally and factually insufficient to prove venue. The State
disagrees, arguing that the sufficient evidence of venue was presented. 
            Texas Rule of Appellate Procedure 44.2(c)(1) provides that unless venue is disputed in the trial
court, the court of appeals must presume that venue was proved in the trial court. Tex. R. App. P.
44.2(c)(1). A plea of not guilty puts allegations of venue in issue. Black v. State, 645 S.W.2d 789,
790 (Tex. Crim. App. 1983). However, this rule merely places the burden of proof at trial. Holdridge
v. State, 707 S.W.2d 18, 21 (Tex. Crim. App. 1986). An appellant who did not otherwise timely raise
an issue of venue in the trial court has not made an issue of venue for purposes of avoiding the
presumption. Id. at 20-21. 
            Appellant does not point us to a place in the record where he disputed venue nor did our review
of the record reflect any such objection. To the extent he seeks to rely on his plea of “not guilty” to
raise the issue, he is incorrect. See id. Because Appellant failed to dispute venue before the trial court
and the record does not affirmatively refute proper venue, we must presume that venue was proved
in the trial court. See Tex. R. App. P. 44.2(c)(1). Accordingly, Appellant’s first and second issues are
overruled.
 
Ineffective Assistance of Counsel
            In his third issue, Appellant argues that his former counsel provided ineffective assistance of
counsel. More specifically, Appellant contends that his trial counsel failed to timely file an election
for jury sentencing, thereby denying him the opportunity to have the jury render punishment.
Appellant contends that he was harmed by his trial counsel’s error because he received the maximum
sentence and fine from the trial court. The State argues that the record does not support Appellant’s
contention that he maintained a desire to have the jury determine punishment. Alternatively, the State
contends that Appellant cannot show harm because the evidence showed that he committed the offense
alleged and had approximately eleven prior convictions.
Standard of Review
            In reviewing an ineffective assistance of counsel claim, we follow the United States Supreme
Court’s two-pronged test in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d
674 (1984). Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first prong
of the Strickland test, an appellant must show that counsel’s performance was “deficient.” Strickland,
466 U.S. at 687, 104 S. Ct. at 2064; Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). “This
requires showing that counsel made errors so serious that counsel was not functioning as the ‘counsel’
guaranteed the defendant by the Sixth Amendment.” Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. 
To be successful, an appellant must “show that counsel’s representation fell below an objective
standard of reasonableness.” Id., 466 U.S. at 688, 104 S. Ct. at 2064; Tong, 25 S.W.3d at 712.
            Under the second prong, an appellant must show that the “deficient performance prejudiced
the defense.” Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Tong, 25 S.W.3d at 712. The
appropriate standard for judging prejudice requires an appellant to “show that there is a reasonable
probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been
different.” Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Tong, 25 S.W.3d at 712. A reasonable
probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S.
at 694, 104 S. Ct. at 2068. The Strickland standard applies to ineffective assistance of counsel claims
alleging a deficiency in attorney performance at noncapital sentencing proceedings. Hernandez v.
State, 988 S.W.2d 770, 771 (Tex. Crim. App. 1999) (overruling Ex parte Duffy, 607 S.W.2d 507
(Tex. Crim. App. 1980)).
            Review of a trial counsel’s representation is highly deferential. Tong, 25 S.W.3d at 712. We
indulge in a “strong presumption that counsel’s conduct falls within the wide range of reasonable
professional assistance.” Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. It is Appellant’s burden to
overcome the presumption that, under the circumstances, the challenged action might be considered
sound trial strategy. Id. 466 U.S. at 689, 104 S. Ct. at 2065; Tong, 25 S.W.3d at 712. Moreover, any
allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999). Failure to make the required showing of either deficient performance or sufficient prejudice
defeats the ineffectiveness claim. Id. Appellant must prove both prongs of the Strickland test by a
preponderance of the evidence in order to prevail. Tong, 25 S.W.3d at 712. 
Applicable Law
            If a finding of guilty is returned, it shall then be the responsibility of the judge to assess the
punishment applicable to the offense. Tex. Code Crim. Proc. Ann. art. 37.07, § 2 (b) (Vernon Supp.
2004-2005). However, where the defendant so elects in writing before the commencement of the voir
dire examination of the jury panel, the punishment shall be assessed by the same jury. Tex. Code
Crim. Proc. Ann. art. 37.07, § 2 (b). If a finding of guilty is returned, the defendant may, with the
consent of the attorney for the state, change his election of one who assesses the punishment. Tex.
Code Crim. Proc. Ann. art. 37.07, § 2 (b). There is no constitutional right to have the jury assess
punishment. Grim v. State, 923 S.W.2d 767, 769 (Tex. App.–Eastland 1996, no pet.)
Analysis
            During voir dire, trial counsel was under the impression that Appellant’s former counsel had
filed an election. However, the trial court stated that no election was filed before voir dire. Appellant
claims that he intended to have the jury sentence him and that trial counsel rendered competent advice
to go to the jury for punishment. He contends that trial counsel then failed to effectuate his decision
when she failed to file an election for the jury to assess punishment. Appellant admits that trial
counsel’s performance was otherwise effective. 
            The record shows that trial counsel conducted voir dire, made numerous trial objections, cross-examined witnesses, put on a defense, and made closing arguments. See id. When asked by the trial
court, Appellant stated, after the close of evidence and again after sentencing, that he had no problems
with or complaints about trial counsel’s representation. Although Appellant contends that trial
counsel advised him to go to the jury for punishment, the record is silent as to what advice, if any, that
trial counsel gave Appellant regarding the forum for punishment. See id. Therefore, we are unable
to conclude that Appellant instructed counsel to file an election for the jury to assess punishment. 
Moreover, although trial counsel did not object to the trial court’s discharging the jury and assessing
punishment, nothing in the record explains trial counsel’s thought processes. See Redmond v. State,
30 S.W.3d 692, 698-99 (Tex. App.–Beaumont 2000, pet. ref’d) (presumption of reasonable
effectiveness cannot ordinarily be overcome absent evidence in record showing attorney’s reasons for
conduct). Consequently, based upon our review of the record, we conclude that Appellant has not
shown that trial counsel was ineffective or that her performance was deficient. Therefore, Appellant
has failed to meet the first prong of the Strickland test. See Thompson, 9 S.W.3d at 813. 
            Furthermore, Appellant has also failed to show that, but for counsel’s unprofessional errors,
the result of the proceeding would have been different. See Strickland, 466 U.S. at 694, 104 S. Ct.
at 2068; Tong, 25 S.W.3d at 712. In an offer of evidence before trial, the State enumerated ten
extraneous offenses or bad acts allegedly committed by Appellant prior to the charged offense. The
ten prior offenses or bad acts included escape, aggravated assault, assault causing bodily injury,
evading arrest or detention, possession, criminal mischief, violation of a protective order, and
conspiracy to manufacture. Further, Appellant previously had been sentenced to a total of eleven years
of imprisonment. Appellant claims that a jury could have only “tied” the judge for the amount of
punishment rendered and, therefore, he was harmed by receiving the maximum time and fine
available. However, we cannot speculate as to whether a jury would have assessed a lesser sentence. 
See Schaired v. State, 786 S.W.2d 497, 499 (Tex. App.–Houston [1st Dist.] 1990, no pet.). Thus,
Appellant has failed to meet the second prong of the Strickland test. See Strickland, 466 U.S. AT
687, 104 S. Ct. at 2064; Tong, 25 S.W.3d at 712. Accordingly, Appellant’s third issue is overruled.
 
Disposition
            The judgment of the trial court is affirmed.
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
Opinion delivered June 30, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
 
(PUBLISH)